## Weiss v. Marks, Appellant.

206     513
e 23 SC  606

*Payment—Accord and satisfaction—Payment before debt is due.*

The rule that payment of a smaller sum is not a consideration to support an accord and satisfaction in regard to a larger sum due, has always been regarded as more logical than just or businesslike, and even small circumstances of variation have always been held sufficient to prevent its application. Hence a payment in advance, no matter how short a time, has been uniformly held to constitute a good consideration.

Argued March 25, 1903.   Appeal, No. 330, Jan. T., 1902, by ·defendants, from order of C. P. No. 3, Phila. Co., June T., 1902, No. 3893, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph W. Weiss and Nachman Segal, Co-partners, trading as Weiss & Segal, v. William Marks, Ferdinand Marks and Emanuel Marks, trading as Marks Bros.   Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.   Reversed. ·

Rule for judgment for want of a sufficient affidavit of defense.

· The material portion of the affidavit of defense was as follows :

" That the plaintiffs, by and through their said duly authorized agent, Charles J. Schulze, on August 8, 1902, verbally agreed with the defendants, by and through their, the defendants' duly authorized agent, Lawrence H. Marks, that in consideration of the payment of $2,000 in cash on account of the claim of plaintiffs, and the further consideration of the maturing of a part of the plaintiffs' claim for merchandise sold and delivered by the plaintiffs to the defendants, to wit : the invoices dated June 1, June 4, and July 10, 1902, they, the plaintiffs, would accept of and from the defendants the entire balance claimed by them, amounting to the sum of $3,992.62, in three installments of $1,330.89 each, in one, two and three weeks thereafter, the first payment to be made on August 16, 1902.   That relying on this agreement the defendants paid the plaintiffs on the said August 8, 1902, the sum of $2,000 in cash, and agreed to pay the plaintiffs the remaining balance in three equal installments in one, two and three weeks thereafter, the first payment to be made on August 16, 1902.   That the plaintiffs in violation of this agreement caused to be issued the writ in the above case on August 15, 1902, as appears of record, and filed a statement, claiming the sum of $3,204.69 of the $3,992.62 claimed by the plaintiffs against the defendants, and being part of the moneys claimed by the plaintiffs for the merchandise herein referred to as having been sold by the plaintiffs to the defendants."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellants.—An agreement to pay a debt before it is due furnishes a good and valid consideration for an agreement upon the part of the creditor. Such an agreement is or may be beneficial to a creditor, or detrimental to the debtor, and this is sufficient to make it a good consideration for the promise: 1 Chitty on Contracts (11th ed.), p. 62 ; 1 Parsons on Contracts (8th ed.), p. 453; Hearn v. Kiehl, 38 Pa. 147 ; Rising v. Patterson, 5 Wharton, 316; Brooks v. White, 43 Mass. 283; Rose v. Hall, 26 Conn. 392.

*Benjamin Alexander*, for appellees, cited: Rumberger v. Golden, 99 Pa. 34; Partridge v. Partridge, 38 Pa. 78; Olmstead v. Latimer, 158 N. Y. 313 (53 N. E. Repr. 5) ; Parmelee v. Thompson, 45 N. Y. 58; Moore v. Fire Ins. Co., 196 Pa. 30; Blanton v. Craven, 173 Pa. 374.

PER CURIAM, July 9, 1903:

The supplemental affidavit of defense set up that defendant being indebted to plaintiffs on several purchases of goods, the agreed term of credit on some of which had not expired, on August 8, 1902, made a settlement with the plaintiffs by which the latter agreed to accept $2,000 in cash on general account, and the balance in three equal installments in one, two and three weeks thereafter ; that the cash payment was made ; and that thereby the time of payment of some of the bills for purchases was advanced to an earlier date than at that at which they would otherwise have matured ; but that plaintiffs in violation of the agreement issued the writ in this case before the first of the installments fell due.

This was a good defense in abatement of the present suit. The rule that payment of a smaller sum is not a consideration to support an accord and satisfaction in regard to a larger sum due, has always been regarded as more logical than just or businesslike, and even small circumstances of variation have always been held sufficient to prevent its application. Hence a payment in advance, no matter how short a time, has been uni-

formly held to constitute a good consideration. See on this subject the remarks in Ebert v. Johns, 206 Pa. 395; and Hartman v. Danner, 74 Pa. 36.

Judgment reversed and procedendo awarded.