## Weiss v. Marks, Appellant.

*Contract—Payments—Parol agreement—Earlier payments.*

Where a person sells several invoices of goods which are to be paid for on certain dates mentioned, and subsequently enters into a verbal agreement with the purchaser to change the terms of payment by accept-

ing a certain sum generally on account of the whole claim, and agrees that the balance shall be paid in installments at such times as to mature the payments on the invoices not yet due to a time earlier than originally agreed upon, the seller may, after the latest date for payment mentioned in the original agreement, bring suit upon a part of the original invoices based upon his book account, and is not bound to sue upon the verbal agreement. In such a case the effect of the verbal agreement was simply to modify and change the terms of sale as to the time of payment, but not to extinguish the debt.

Argued Oct. 7, 1903. Appeal, No. 242, Oct. T., 1902, by defendants, from order of C. P. No. 1, Phila. Co., Sept. T., 1902, No. 3533, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph W. Weiss and Nachman Segal, trading as Weiss & Segal, v. William Marks, Ferdinand Marks and Emanuel Marks, trading as Marks Bros. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on book account for goods sold and delivered.

The plaintiff declared for goods amounting to $800 which were charged on the books of plaintiffs to defendants on May 21, June 4 and July 10.

Defendants filed the following affidavit of defense:

The plaintiffs are engaged in the manufacture of boys' clothing in the city of New York, and the defendants were engaged in carrying on a department store in the sale of dry goods, in the city of Philadelphia. That during the month of February, 1902, the defendants purchased from the plaintiffs large quantities of clothing, amounting to the sum of $6,145.44. That by the terms of the agreement between the plaintiffs and the defendants the merchandise so purchased was to be paid for by the defendants on ninety days' credit from date of dating, less six per cent discount. That the plaintiffs shipped to the defendants on account of said purchase merchandise amounting on March 1, 1902, to $883.25; March 3, to $600; March 10, to $533.70; March 11, to $80.75; March 12, to $249.25; March 15, to $2.00; March 17, to $307.50; March 22, to $124; March 24, to $870.25; March 25, to $891.75; March 26, to $22.50; March 27, to $151.73; March 31, to $181.50; April 2, to $127.13; April 4, to $52.50; April 8, to $65.00; April 10, to $225; April 11, to $112.50; April 25, to $405.13, dating all of said invoices

or shipments as of May 1, 1902, and on May 21, merchandise amounting to $398, dating said invoice or shipment as of June 1, 1902; on June 4, merchandise amounting to $330, dating said bill as of June 4, 1902, and on July 10, merchandise amounting to $72.00, dating said bill as of July 10, 1902. That of said merchandise the defendants returned to the plaintiffs portions thereof, amounting to the sum of $140.75, which merchandise was accepted by the plaintiffs, leaving a balance due by the defendants to the plaintiffs, according to the terms of the agreement or dating, after deducting freight charges of $5,992.62. That on the 8th day of August, 1902, the plaintiffs by and through their duly authorized agent Charles J. Schulze, called upon the defendants at their place of business and entered into a verbal agreement with the defendants respecting the terms of payment of the entire claim of the plaintiffs against the defendants of $5,992.62, by which the previous terms of payments were modified and changed. That the plaintiffs, by and through their said duly authorized agent Charles J. Schulze, on the said 8th day of August, 1902, verbally agreed with the defendants, by and through their, the defendants', duly authorized agent, Lawrance H. Marks, that in consideration of the payment of $2,000 in cash, generally on account of the claim of plaintiffs, and the further consideration of the maturing of a part of the plaintiffs' claim for merchandise sold and delivered by the plaintiffs to the defendents, to wit: the invoices dated June 1, June 4 and July 10, 1902, they, the plaintiffs, would accept of and from the defendants the entire balance claimed by them, amounting to the sum of $3,992.62, in three installments of $1,330.89, each, in one, two and three weeks thereafter, the first payment to be made on the 16th day of August, 1902. That, relying on this agreement, the defendants paid the plaintiffs generally on account of said claim, on the said 8th day of August, 1902, the sum of $2,000 in cash, and agreed to pay the plaintiffs the remaining balance in three equal installments in one, two and three weeks thereafter, the first payment to be made on the 16th day of August, 1902. That the plaintiffs, in violation of this agreement, caused to be issued out of the court of common pleas No. 3, as of June term, 1902, No. 3893, on the 15th day of August, 1902, a summons in assumpsit against the

defendants, and filed a statement therein, claiming the sum of $3,204.69 of the $3,992.62, claimed by the plaintiffs against the defendants, and being part of the moneys mentioned and specified in the agreement entered into between the plaintiffs and the defendants on the 8th day of August, 1902, which suit is still pending and undetermined. And deponent avers that at the time of the bringing of the suit in the court of common pleas, No. 3, as of June term, 1902, No. 3893, the defendants were in no way indebted to the plaintiffs for any of the items of merchandise sold by the plaintiffs to the defendants, or under the terms of the agreements entered into on the 8th day of August, 1902 ; and the deponent is advised, and therefore avers it to be true that the plaintiffs have no cause of action upon the alleged book account set forth in the plaintiffs' statement of claim filed, the same having been settled and determined by the agreement entered into on the 8th day of August, 1902, by and between the plaintiffs and defendants, and that by reason of said agreement no cause of action whatever arises on the part of the plaintiffs against the defendants upon the book entries attached to the plaintiffs' statement of claim filed, all of which facts the defendant avers to be true and expects to be able to prove on the trial of the above case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellants.

*Benjamin Alexander*, for appellees.

OPINION BY RICE, P. J., December 19, 1903 :

The appellants' counsel state the question for decision as follows : " Where a party sells several invoices of goods, which, by the terms of sale, are due July 31, August 31, September 2 and October 8, 1902, respectively, and enters into a verbal agreement with the purchaser on August 8, 1902, to change the terms of payment by accepting a certain sum generally on

account of the whole claim, and agrees that the balance of all the invoices shall be paid in three equal installments, on August 16, 23 and 30, 1902, thereby maturing the payments on the invoices not yet due to a time earlier than originally agreed upon, can the plaintiff, after having entered into such an agreement, bring suit upon a part of the original invoices of the goods based upon his book account, ignoring the verbal agreement, or is he not bound to sue upon the verbal agreement and for the installments as they fall due under the same?"

We shall confine our attention to a consideration of the question thus stated. It was decided in Weiss v. Marks, 206 Pa. 513, that the rule that a payment of a smaller sum is not a consideration to support accord and satisfaction in regard to a larger sum due, has always been regarded as more logical than just or business like, that even small circumstances of variation are sufficient to prevent its application and that payment in advance, no matter how short a time, constitutes a good consideration; hence that an affidavit setting up the facts above stated presented a good defense in abatement of a suit brought before the first installment fell due. But the present suit was brought on November 13, 1902, which, it will be noticed, was after all the bills had matured according to the original terms of sale, and all the installments had become due under the supplemental agreement, and was for specific items of the original book account amounting in the aggregate to less than one of the installments above referred to.

The defense is not that they do not owe this sum or that it was not due at the time of suit brought, but that the action should have been brought on the oral agreement and not on the book account. But this is not a case where a creditor agreed to receive a less sum in satisfation of his demand, or where he received a new and higher security for his debt; the purpose and effect of the agreement were simply to modify and change the terms of sale as to the time of payment, but not to extinguish the debt.

We see no good reason why, after the entire debt became due, the plaintiffs might not bring suit and declare for goods sold and delivered and attach to their statement a copy of their book entries as contemplated by the act of 1887. The

case of Logan v. Caffrey, 30 Pa. 196, relied on by the appellants' counsel, does not rule this case. The question in that case was as to the effect of a judgment for part of a claim arising under an entire contract as a bar to a second suit for another part of the claim. We are not called upon to say whether the case would apply if the plaintiffs should bring a second suit for the balance of their claim, for that question does not arise here.

We are of opinion that the court committed no error in holding that the allegation as to the variation of the time of payment by the oral agreement, was not sufficient to prevent judgment.

Judgment affirmed.