## Warwick Iron Co. v. Morton, Appellant.

*Mortgage—Foreclosure—Whole debt collectible on default in payment of the interest.*

It is customary to provide in a mortgage that upon default in payment of interest the whole debt secured by the mortgage shall become immediately payable. The payment of interest promptly is one of the important conditions of the engagement, and the parties having expressly included it in their agreement, must be held to be bound by it.

*Court of equity—Forfeiture—Negligence.*

A defendant who offers no excuse except his own neglect will not be favorably regarded by a court of equity, when seeking to avoid a forfeiture.

*Mortgage—Attorney's fees for collection.*

A preliminary demand for payment is not necessary to entitle the plaintiff in a sci. fa. sur mortgage to recover the attorney's fee for collection provided in the mortgage, nor is it any defence to the payment of such commissions that the amount of the debt was paid to the attorney without his proceeding to execution.

Upon a mortgage for $15,000, five per cent attorney's fee for collection being stipulated for, the court allowed a commission of two per cent.

Argued Feb. 2, 1892. Appeal, No. 59, July T., 1891, by defendant, Thomas L. Morton, from judgment of C. P. Montgomery Co., March T., 1889, No. 83, for plaintiff, for want of a sufficient affidavit of defence. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mortgage.

The facts appear by the opinion of the court below, (WEAND, J.,) which was as follows:

" The defendant in this case executed and delivered to the plaintiff a mortgage dated June 18, 1890, to secure the sum of $15,000, with interest, payable half yearly, and containing, inter alia, the following clause:

" ' If at any time default shall be made in the payment of interest, as aforesaid, for the space of thirty days after any half yearly payment thereof shall fall due, then and in such case the whole principal debt aforesaid shall at the option of the said Warwick Iron Company, become due and payable immediately and payment of said principal and all interest thereon, may be enforced and recovered at once, anything herein contained to the contrary thereof notwithstanding, and provided further, however, and it is thereby expressly agreed that if at any time thereafter by reason of any default in payment, either of said principal sum at maturity, or of said interest or premiums of insurance, a writ of fieri facias is properly issued upon the judgment obtained upon said obligation, or a writ of scire facias is properly issued upon this indenture of mortgage, an attorney's commission for collection, viz., five per cent shall be payable and shall be recovered in addition to all principal, interest and premiums of insurance then due, besides costs of suit.'

" The first half yearly interest upon the mortgage became due upon the 19th day of December, 1890, and being still unpaid on the 21st day of January, 1891, on that day plaintiff issued a sci. fa. on the mortgage according to its terms, to collect principal and interest. This writ was returned ' Nihil,' and on February 10, 1891, an alias writ was issued, which was also returned ' Nihil.' The defendant then filed an affidavit of defence in which he alleges that having received no notice that the interest was due and the time of payment having inadvertently escaped his notice, and that of the cashier charged with the payment of such sum, until more than thirty days had elapsed after the same was due, they in February, 1891, sent a check to plaintiff for the interest, which was returned with the information that the mortgage had been foreclosed. The defendant now offers to pay interest and costs and asks that

judgment for the principal sum and five per cent attorney fees be refused.

"At common law there is no remedy, to afford the relief here asked for, but the defendant invokes the equitable powers of the court to grant relief as in cases of forfeitures and penalties for breaches of covenants and conditions.

"As the exercise of this power is not imperative on the court, it ought not to be used except in cases where the defendant is likely to suffer an injury through no fault or neglect of his own. In this case he entered into a perfectly valid contract, the terms of which were presumably for his own benefit and advantage. Mortgages like this are usual, and there can be no misunderstanding their meaning. Because of their terms the borrower secures loans which he could not otherwise obtain, and when he enters into a binding contract he must observe its terms or bear the consequences. The payment of interest promptly is one of the important parts of the transaction; upon its faith the lender makes his calculations, and failure to receive it promptly may entail great loss upon him. The very object of inserting the clause declaring the whole amount to become due is to secure the prompt payment of the interest on the debt. This being the contract agreed upon, we ought not to establish another for the parties, which we do when we say that although the mortgagor has failed to perform his part, yet that the plaintiff shall not be entitled to the remedy agreed upon.

"In Baldwin v. Van Vorst, 10 N. J. Eq. 577, Chancellor WILLIAMSON said: 'I think the remarks of the chancellor, in Benedict v. Lynch, (1 J. C. R. 376,) very applicable to a case like this. The notion that seems too much to prevail (and of which the facts in the present case furnish an example), that a party may be utterly regardless of the stipulated payments, and that a court of chancery will almost at any time relieve him from the penalty of his gross negligence, is very injurious to good morals, to a lively sense of obligation, to the sanctity of contracts, and to the character of this court.'

"The defendant offers no excuse except his own neglect, and this we think does not recommend him favorably. His plea that no notice was given does not help him. The words 'at the option of the mortgagee' do not require previous notice, where such notice would be idle.

" If notice had been given of an intention to sue out the mortgage, because of the default, it could not prevent the plaintiff from proceeding for the principal when interest only was tendered. Plaintiff had a right to assume that the interest would be promptly paid, and when it was not his right to foreclose at once attached.

" In Huling v. Drexell, 7 Watts, 126, it was held ' When the parties to a mortgage stipulate that if the interest be not punctually paid at a particular time and place, the mortgagee may elect to consider the mortgage due and payable, and sue the same; upon failure to pay according to the stipulation the mortgage may be immediately sued.'

" In Holland et al. v. Sampson et al., 5 Cent. Rep. 533, there was default of interest as here. The per curiam opinion read, ' Admittedly there was no such payment of the first instalment of the interest provided for in the mortgage. Hence, by agreement of the parties, the entire debt became due and payable, and the scire facias was properly issued. This is not a process to enforce a forfeiture, but to execute the conditions of a lawful contract.' See also Baldwin v. Van Vorst, 10 N. J. Eq. 577.

" We think, therefore, that the defendant has not shown any good reason why the creditor should be restrained in the collection of his debt, which became due by reason of the failure of defendant to pay his interest at the time stipulated in the mortgage.

" The defendant also contends that nothing should be allowed for attorney's commissions, as no notice of the suing out of the writ was given, and that if anything shall be allowed 5 per cent is excessive.

" We can find no reported case in which it has been held that to recover attorney's commissions on a sci. fa. sur mortgage demand must first be made. The right to recover such commissions is distinctly recognized in Huling v. Drexell, 7 Watts, 126 ; Robinson v. Loomis, 51 Pa. 78 ; Bedell v. McCormick, 23 W. N. C. 28 ; Daly v. Maitland, 88 Pa. 384 ; Lewis v. Germania Savings Bank, 96 Pa. 86.

" In the latter case the affidavit of defence alleged that defendants were misled by the plaintiff as to time of payment, and that shortly afterward, without making any request or demand for principal or interest, suit was brought on the mort-

gage, but because the defendant was not reasonably prompt in paying or tendering payment of the debt and interest secured by the mortgage the commissions were allowed.    And this seems to be the principle running through all the cases where the commissions were disallowed on judgments, viz. :   That where no demand is made before entry of judgment and execution, if the debtor promptly pays or offers to pay debt, interest and cost at maturity, the creditor cannot recover attorney's commissions—see Lindley v. Ross et al., 137 Pa. 629 ; Moore's Ap., 110 Pa. 433 ; Johnson v. Marsh, 21 W. N. C. 570—where, however, an attorney has been employed in good faith by reason of the neglect or the refusal of the defendant to pay, the fact that the money has been paid to the attorney without execution does not relieve the defendant from his agreement to pay reasonable attorney's commissions, for the reason that the creditor's liability to the attorney has attached : ' Imler v. Imler, 94 Pa. 372.   Here there is no offer to pay the debt, and the creditor was justified in employing counsel to collect it, and hence entitled to the commissions.   We are relieved from any embarrassment in fixing the amount by the rule laid down in Daly v. Maitland, 88 Pa. 384, where in a case similar to this, the amount being $14,000, two per cent was considered an ample and liberal allowance : See also Franklin v. Kurtz et al., 3 Del. Co. Rep. 590, where only $150 was allowed on $11,180.

"And now, May 4, 1891, judgment is directed to be entered in favor of plaintiff and against defendant for the sum of fifteen thousand dollars, with interest at six per cent per annum from June 18, 1890, to this date, together with an attorney's commission for collection of two (2) per cent and costs."

*Errors assigned* were, (1) the entering judgment for debt, interest and costs ; (2) entering judgment for the principal of the debt ; (3) entering judgment for the sum of $300, attorney's collection fee.

*Henry C. Boyer* and *J. Rodman Paul,* with them *Horace L. Cheyney* and *Biddle & Ward,* for appellant.

*Charles Hunsicker,* for appellee.

PER CURIAM, March 28, 1892:

This case has been so well discussed by the learned judge of the court below that we affirm the judgment for the reasons given by him.