# Yost *v.* Coyle, Appellant (No. 1).

*Mortgage—Covenants—Payment of taxes—Judgment—Execution—Attorney's commission.*

Where a bond with warrant of attorney accompanying a mortgage for $10,000 provides for the payment of taxes by the mortgagor when due, and that upon default of such a payment the whole principal shall become due and execution may issue for the collection of the same together with costs and expenses including an attorney's commission of five per cent. the mortgagee may upon such default enter up judgment on the bond and issue execution forthwith; and he may recover not only principal and interest but also the five per cent. commissions, if it appears that he had notified the mortgagor of the default and had insisted upon payment within a time stated, and the mortgagor made no offer to pay the principal and interest, but started proceedings to open the judgment for inadequate reasons.

Argued Oct. 26, 1909. Appeal, No. 113, Oct. T., 1909, by defendants, from order of C. P. No. 3, Allegheny Co., May T., 1909, No. D. S. B. 427, discharging rule to open judgment in case of Fidelity Title & Trust Company, Executor under the will of William Yost, deceased, v. Reed B. Coyle and Arminta M. Coyle. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging rule to open judgment.

*Galen C. Hartman*, for appellants.—No demand was made for the principal due on this bond, except for May 9; nowhere does the plaintiff himself claim to have done so, and the cases are numerous holding that no attorney's commissions can be claimed on a judgment obligation unless a demand for payment be first made: Moore's App., 110 Pa. 433; Johnson v. Marsh, 42 Legal Int. 92; Lindley v. Ross, 137 Pa. 629; Imler v. Imler, 94 Pa. 372; Warwick Iron Co. v. Morton, 148 Pa. 72.

*George E. Alter,* of *McKee, Mitchell & Alter,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

The judgment which the court below refused to open was entered on a warrant of attorney in a bond accompanying a mortgage to secure to William Yost the payment of $10,000, with interest, on May 9, 1909. One of the conditions of the bond was that the obligors should pay, as soon as due and payable, all taxes, municipal assessments or charges assessed against or upon the mortgaged premises, and upon their default in paying such taxes, municipal assessments or charges the whole of the principal debt or sum secured by the bond and mortgage, and interest then unpaid, should become due and payable, with the right to issue execution for the collection of the same, together with all fees, costs and expenses of collection, including an attorney's commission of five per cent. On April 15, 1909, Yost called the attention of Reed B. Coyle, one of the appellants and the husband of the other, to the fact that certain taxes against the mortgaged property, amounting to $395.89, though due, had not been paid, and insisted upon their immediate payment. This interview took place in the afternoon of the day, and, according to the admission of Coyle, Yost insisted upon the payment of the taxes not later than the next morning. They were not paid by that time and on the afternoon of April 16, judgment was entered on the bond and execution issued for the collection of the amount due, including an attorney's commission of five per cent.

Under the warrant of attorney contained in the bond judgment could have been entered by the obligee at any time before the obligation had matured, though payment could not have been enforced before May 9, 1909, unless it became due sooner for a breach of one of the conditions in the bond. Default in the payment of taxes was admitted by the obligors, and the right of the obligee was thereupon not only to immediately enter judgment upon the warrant of attorney, but to enforce collection of the principal and accrued interest. In clear and express terms the bond provided that if the taxes were not paid as soon as due and payable the right of the

obligee was to demand and collect principal and interest, and the execution issued on the same day that judgment was entered was to collect money due according to the express condition of the obligation. A stipulation which the obligors knew was binding upon them had not been complied with, and what they might not have been compelled to pay before May 9, 1909, became by their default due and payable on April 16, 1909. In entering the judgment and issuing execution upon it Yost did nothing more than the appellants agreed that he should do if they should fail to keep one of their covenants with him. Nothing more need be said as to his right to his judgment and execution upon it. The only matter to be considered is his right to an attorney's commission of five per cent.

If upon issuance of the execution the appellants had promptly paid or offered to pay the principal and interest due, the relief which they ask from paying the commission would undoubtedly have been afforded them by the court below, for it may be conceded that no demand had been made upon them for the payment of the amount secured by the bond before it was entered and the execution issued, though, on the other hand, it is fairly contended that notice to them that the taxes would have to be paid not later than the morning of April 16, was notice that if the same were not paid the obligee would insist upon payment of the sum secured to him by the bond and mortgage. Instead of promptly paying or offering to pay the amount due when execution was issued, the appellants presented their petition to court, asking that the judgment be opened, mainly on the ground that there had been an agreement between them and Yost that the loan should be extended to May 9, 1911. This reason is not pressed here. On May 5, 1909, the rule to open the judgment was discharged, but even then there was no offer by the appellants to pay the amount which had become due by their default. Two days later, in their continued resistance of the claim which was unquestionably due, they took this appeal, involving the obligee in further litigation. If demand had not been made before the execution issued, it became a demand which they disregarded and resisted, and they are not, therefore, within the

rule as laid down in Johnson v. Marsh, 21 W. N. C. 570; Warwick Iron Co. v. Morton, 148 Pa. 72, and other cases cited by them.

Appeal dismissed at appellants' costs.