# Brush Hat Manufacturing Company, Incorporated, *v.* Abeles, Appellant.

*Accord and satisfaction—Payment—Consideration—Expensive legal proceedings.*

The rule that payment of part of a debt after it is due is not an accord and satisfaction, will not be applied where there is any new consideration, or any collateral benefit received by the creditor which might raise a technical legal consideration; but the mere fact that the creditor will be saved the delay and trouble of further prosecuting a

suit which he had brought for the whole of his claim, is not a consideration to take a partial payment of the claim out of the general rule.

Argued Oct. 12, 1910.  Appeal, No. 66, Oct. T., 1910, by defendant, from order of C. P. No. 1, Phila. Co., Dec. Term, 1909, No. 2,426, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Brush Hat Manufacturing Company, Incorporated, v. Simon Abeles, trading as S. Abeles & Co.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit to recover the sum of $2,318.18 for goods sold and delivered.

The affidavit of defense contained the following averment:

After the writ was issued in this case, to wit, on or about January 7, 1910, the plaintiff  offered to accept from the defendant in full satisfaction and accord for the amount claimed in this suit, with interest and costs, the sum of $2,012.82 in order to save further delay and trouble of proceeding with this suit.  The defendant accepted the said offer of plaintiff and therefore, to wit, on January 11, 1910, paid to the said plaintiff, Brush Hat Manufacturing Company, Inc., the said sum of $2,012.82 and the same was accepted by said plaintiff in full satisfaction and accord for the amount claimed, with interest and costs aforesaid.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*Bertram D. Rearick*, with him *Bernard A. Illoway*, for appellant.—An accord and satisfaction expressed to be in consideration of the avoidance of trouble and delay in prosecuting a suit is binding upon the parties: Ebert v.

Johns, 206 Pa. 395; Melroy v. Kemmerer, 218 Pa. 381; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Harlow v. Wilkinsburg Borough, 189 Pa. 443; Knickerbocker Trust Co. v. Ryan, 227 Pa. 245; Mitchell v. Wheaton, 46 Conn. 315; Baum v. Buntyn, 62 Miss. 110; Mechanics' Bank of Harrisburg v. Huston, 11 W. N. C. 389; Hendrick v. Thomas, 106 Pa. 327; Potter v. Hartnett, 148 Pa. 15; Clayton v. Clark, 74 Miss. 499 (21 So. Repr. 565; 22 So. Repr. 189).

*Alfred T. Steinmetz*, with him *Robert A. Beggs, Jr.*, and *George Wentworth Carr*, for appellee.—The acceptance of a smaller sum in satisfaction of a greater amount does not constitute an accord and satisfaction so as to bind the creditor thereby, and prevent the further recovery by him of the balance of the amount due: Com. v. Cummins, 155 Pa. 30; Mt. Holly Water Co. v. Borough of Mt. Holly Springs, 10 Pa. Superior Ct. 162; Girard Fire & Marine Ins. Co. v. Canan, 195 Pa. 589; Hartman v. Danner, 74 Pa. 36; Third Nat. Bank v. D'Olier, 1 Chester County Rep. 373; Kirkpatrick v. Wensel, 2 Leg. Chron. 303; Tucker v. Murray, 2 Pa. Dist. Rep. 497; Norman Lumber Co. v. Dorney Lumber Co., 8 North County Rep. 68.

The case does not involve any of the known exceptions to the rule. The amount due is not disputed: Kellett v. Freeman, 8 Del. County Rep., 98; Yearsley v. Glaser, 32 Pa. Superior Ct. 141; Fowler v. Smith, 153 Pa. 639; Ebert v. Jones, 206 Pa. 395; Weiss v. Marks, 206 Pa. 513; Miller v. Jefferson Building Assn., 50 Pa. 32; Melroy v. Kemmerer, 218 Pa. 381.

OPINION BY RICE, P. J., March 3, 1911:

A payment of part of a debt, either principal or interest, before it is legally demandable will be sufficient consideration to support an agreement to give time. But such payment after maturity of the debt has not the same effect, "for the plain reason that, in a legal sense, it is neither a benefit to the creditor, who is entitled to the whole, nor

an injury to the debtor, who ought to have done this and more without any promise from the creditor:" Hartman v. Danner, 74 Pa. 36. For the same reason, part payment of an overdue, ascertained, unrestricted, and undisputed debt is not a good consideration for a promise to receive it in satisfaction: Hendrick v. Thomas, 106 Pa. 327; Commonwealth v. Cummins, 155 Pa. 30; Girard F. & M. Ins. Co. v. Canan, 195 Pa. 589; Szok v. Crown, 33 Pa. Superior Ct. 612. Even in those late cases in which the rule has been criticised as being more logical than just, it has been recognized as an existing rule. But because the rule may be urged in violation of good faith, the courts have been disposed to take out of its application all those cases where there was any new consideration, or any collateral benefit received by the payee which might raise a technical legal consideration, although it was apparent that such consideration was less than the sum unpaid: Brooks v. White, 43 Mass., 283. As already shown, one such case is where a part was paid before all was due; another is where it was paid in a way more beneficial to the creditor than that prescribed by the contract, or was paid at a more convenient place than that stipulated in the contract, and in each instance was received in satisfaction. So, also, it has been held that the rule does not apply if the debtor gives, and the creditor receives, a chattel in satisfaction, or renders services, by consent of the creditor, in full payment; or if the debtor assigns certain property, which is received in full satisfaction; or if he offers additional security on condition that his creditors shall give up a portion of the debt, and the creditor accepts such security for a less sum in satisfaction of the whole debt. In each of these instances the debtor does something that he is not under legal obligation to do, and this constitutes a technical legal consideration, the adequacy of which was for the parties, and not for the court or jury to determine. In Melroy v. Kemmerer, 218 Pa. 381, it was held that where a debtor, in failing circumstances and contemplating bankruptcy, offers his creditor thirty per cent of the

debt as a settlement in full, and his creditor dissuades him from going into bankruptcy, accepts his alternative offer, receives the money, and closes the account, the transaction is an accord and satisfaction, and the creditor cannot thereafter recover the balance. The reason for holding this to be a good accord was thus stated by Chief Justice MITCHELL: "By it the creditors got a sum certain, instead of the chances of an uncertain dividend in bankruptcy; on the other hand, the debtor accepted the responsibility of paying a sum certain whether his assets were sufficient or not, and gave up his right to a release of his future assets, and to a discharge from his whole debt without regard to the sufficiency of his present assets." It will be seen that the reasoning of the decision is wholly inapplicable in the present case, when it is stated that there is no allegation that the defendant was insolvent or contemplating bankruptcy. The sole consideration alleged in support of the agreement to accept part of the debt, in satisfaction of the whole, is that the plaintiff would be saved the delay and trouble of further prosecuting the suit it had brought. Every debtor may delay the collection of an overdue and undisputed debt by taking advantage of the law's delay; but if he pays at once, as he is under legal obligation to do, he surrenders no legal right, in the proper sense of the term. To delay payment is a legal wrong, and, though it be a fact that it will cost the plaintiff money to obtain redress, the foregoing of the opportunity which the law gives for prolonging the wrongful delay cannot be a legal consideration. To hold that it is would be destructive of the rule itself. "It may appear to be a very refined technicality that a part payment on account of a debt twenty-four hours before it is due, will, and twenty-four hours after, will not form a sufficient consideration for an agreement to extend the time. We must remember, however, that the law pays no regard to the adequacy of consideration. There must be some legal benefit to the one party or injury to the other, though it may be of the slightest kind. It must be a benefit or in-

jury, which the law can recognize and appreciate, not the performance in part or in whole of that which is already an ascertained and matured obligation:" SHARSWOOD, J., in Hartman v. Danner, 74 Pa. 36. The application of these principles to the case in hand resulted properly in a judgment for the plaintiff for the unpaid portion of the debt in suit.

Judgment affirmed.