# Shoemaker, to use, v. Farrell, Appellant.

*Mortgage—Extension of time—Restriction of lien—Reduction of interest—Consideration.*

Where a mortgage with interest at six per cent. and restricted as to lien on a particular property, has run on to a date three years before its maturity, and the parties then agreed in writing under seal to reduce the interest to five per cent. until maturity, and at maturity they enter into an oral agreement that the mortgage should not then be enforced, but that installments shall be paid at specified periods, and interest continued at five per cent. there is a sufficient consideration for the reduction of the interest to five per cent., and more than that amount cannot be collected for the whole period from the date of the agreement in writing.

An agreement to extend the time of payment of an overdue obligation must be based on a consideration, and such consideration may be a slight advantage to one party or a trifling inconvenience to the other.

Where a lien of a mortgage is restricted to a particular piece of land, an agreement to extend the time of payment after maturity at a less rate of interest, is based on sufficient consideration where it appears that the mortgagor binds himself to pay the amount due in installments at specified dates.

Argued March 6, 1916.    Appeal, No. 17, March T., 1916, by defendants, from order of C. P. Luzerne Co., Oct. T., 1914, No. 1122, discharging rule to open judgment in case of George Shoemaker to use of the Deposit and Savings Bank of Kingston, v. John C. Farrell and

34, (1916).] Statement of Facts—Opinion of Court below.
William L. Farrell.   Before ORLADY, P. J., HENDERSON,
KEPHART and TREXLER and WILLIAMS, JJ.   Reversed.

Rule to open judgment.

From the record it appeared that on May 28, 1897,
George Shoemaker sold to John C. Farrell and William
L. Farrell a tract of ten acres of land in the City of
Wilkes-Barre for twelve thousand dollars, receiving
therefor one hundred dollars in cash and a purchase-
money bond and mortgage for $11,900, payable $1,000 on
May 28, 1898; $1,000 on May 28, 1899, and $9,900 in eight
years from May 28, 1899, with interest at six per cent.
from May 28, 1898, payable annually on May 28th, each
year, and except as to the first two one thousand dollar
payments, the lien and collection of the bond was re-
stricted to the land described in the accompanying mort-
gage.

Other facts by the opinion of FULLER, P. J., which was
as follows:

Judgment was entered July 18, 1914, on bond accom-
panying a mortgage, for $1,192.21, representing the dif-
ference in interest at six per cent., claimed by plaintiff,
as stipulated in bond, and five per cent., paid by defend-
ants, between May 28, 1903, and July 6, 1914, when the
balance of principal was paid.

The reduction in rate of interest dating from May 28,
1903, was made by force of a written agreement under
seal whereby the plaintiffs agreed "to accept interest at
the rate of five per cent. per annum for the balance of the
term of said mortgage," and the defendants in consider-
ation of such reduction agreed "to pay the interest
promptly when due, to pay at least $500 upon the princi-
pal each year hereafter until the expiration of the term
of said mortgage, and at the expiration of said term to
pay the balance of principal in full.   It being further
distinctly understood and agreed by and between the
parties hereto that in the event of the failure of the
parties of the first part (defendants) to keep and per-

form all and every the terms of this agreement, then said party of the second part (plaintiff) shall be at liberty to collect by foreclosure proceedings at any time all unpaid principal and all interest in full at the rate of six per cent. per annum."

The interest was payable May 28th, each year, and the term of the mortgage expired May 28, 1907.

Neither the interest nor the installments of principal were paid promptly as agreed.

The interest was always belated.

Only $1,550 was paid on principal between May 28, 1903, and May 28, 1907; only $2,000 between May 28, 1907, and July 6, 1914; and no payments at all in 1911, 1912, and 1913.

On May 28, 1907, the plaintiff did not demand payment of the balance, nor increase of interest, but with considerable complaint over the laxity, accepted payments of interest at five per cent., and occasional belated payments of $500 on the principal, until March, 1914, when it demanded full settlement.

It is agreed, in lieu of depositions, that William L. Farrell, one of the defendants, would testify that on or about May, 1907, he made a verbal agreement with E. M. Rosser, plaintiff's cashier, that payment of said mortgage would not then be enforced, and that the same might remain at five per cent. interest, no time being specified, if defendants would make payments on principal as provided in the original written agreement and would pay the annual interest promptly as it accrued.

It is further agreed that said E. M. Rosser would testify that no such verbal agreement was made.

From the foregoing we conclude, without further discussion, reiterating the conclusion suggested in the order granting this rule, (a) plaintiff is entitled to interest at five per cent. from May 28, 1903, to May 28, 1907, (b) entitled to interest at six per cent. from May 28, 1907, until July 6, 1914, (c) accordingly the present rule is discharged as to that portion of the judgment represent-

34, (1916):] Opinion of Court below—Opinion of the Court.
ing interest from May 28, 1907, to July 6, 1914, $343.70, and made absolute as to that portion representing interest prior to May 28, 1907, $848.51, (d) issue is framed on bond as declaration, claiming $848.51, with plea of payment, these figures being taken from plaintiff's brief, subject to correction if erroneous.

*G. J. Clark,* for appellants.—There was sufficient consideration: Harlan v. Harlan, 20 Pa. 303; Corbet v. Oil City Fuel Supply Co., 21 Pa. Superior Ct. 80; Brush Hat Co. v. Abeles, 45 Pa. Superior Ct. 243; Hendricks v. Thomas, 106 Pa. 327.

*W. Alfred Valentine,* with him *B. W. Davis,* for appellee, cited: Mt. Holly Water Co. v. Mt. Holly Springs Boro., 10 Pa. Superior Ct. 162; Reed v. Martin, 29 Pa. 179; Hearn v. Kiehl, 38 Pa. 147; Hosler v. Hursh, 151 Pa. 415; Schwartzfager v. Pittsburgh, Etc., Ry. Co., 238 Pa. 158.

Opinion by Kephart, J., July 18, 1916:
An agreement to extend the time of payment of an overdue obligation must be based on a consideration: Hartmann v. Danner, 74 Pa. 36, "for the plain reason that, in a legal sense, it is neither a benefit to the creditor, who is entitled to the whole, nor an injury to the debtor, who ought to have done this and more without any promise from the creditor." And as further stated in that case "it may be, that when there is a contract to pay interest for a specific period on a debt already due, so that the debtor, without the consent of the creditor, is thereby precluded from paying the debt and interest until the term expires, there is an appreciable benefit to the creditor as well as injury to the debtor." Though it was held in Rumberger v. Golden, 99 Pa. 34, that where the extension had been given for a definite time, at a certain specified rate of interest, that the contract was "nudum pactum, for it was already a contract relation of the

parties.  Having been made before the debt was due, it was deemed of like effect as if made after, though in many cases a contract made before, would be binding, which would not, if made after......A promise to pay the legal rate of interest made before a debt becomes due, or after, or a part payment of an overdue debt, is not a good consideration for a contract to forbear to sue." This court, in Brush Hat Mfg. Co. v. Abeles, 45 Pa. Superior Ct. 243, decided that the payment of a part of a debt after maturity was not an accord and satisfaction where the consideration for such part, payment was the mere fact that the creditor would be saved the delay and trouble of further prosecuting the suit.  The doctrine is there reaffirmed that a part payment of an overdue, ascertained, unrestricted and undisputed debt is not a good consideration for the promise to receive it in satisfaction. The consideration, which will support an agreement to extend the time of payment, while an essential part of every contract, may be a slight advantage to one party or a trifling inconvenience to the other.  In Hendrick v. Thomas, 106 Pa. 327, where a judgment was restricted to certain specified property, an agreement to receive a part of the overdue judgment in satisfaction of the whole was held to be based on a sufficient consideration, even though it could be proved that the property out of which it was collectible was of greater value than the whole debt.

The obligation in the present case was a bond and mortgage, the lien of both being restricted to certain premises described in the instruments.  They were due eight years from date.  Under an agreement made before maturity the rate of interest was reduced to five per cent. and payments should be made of not less than $500.00 annually on the principal until the maturity of the mortgage, at which time the balance of the principal was to be paid. The change in the time the payment of principal was to be made, would be a sufficient consideration to support the entire agreement: Brush Hat Mfg. Co. v. Abeles,

supra.   The court below held this to be the law and
opened the judgment, which included interest at six per
cent. for the period before maturity.   No complaint is
made as to this action of the court.   The appellant
averred that when the mortgage matured and the balance
of the principal was due, the foregoing agreement was
continued   as to the annual periodical payments of
$500.00 on the principal and the interest rate of five per
cent.   To substantiate this, statements from the appellee,
with letters demanding payment in accordance with this
agreement, were exhibited.   The payment of interest and
a portion of the principal had been made and accepted in
accordance with that agreement.   When the appellee
entered judgment it included (inter alia) interest at six
per cent. from the maturity of the mortgage to 1914, and
the court below refused to disturb that portion of the
judgment.   Under the admitted facts this action was
based on an erroneous conception of the law.   The lien
was restricted to a certain piece of land and as indicated
in Brush Hat Mfg. Co. v. Abeles, supra, where claims are
thus restricted an exception to the general rule exists
and the promise to pay at a definite time in the future,
at a fixed rate of interest, would be a sufficient consider-
ation on which to rest such agreements: Hendrick v.
Thomas, supra.   It may easily be seen how such pay-
ments would benefit a creditor, as compared to one who
holds a judgment against the debtor personally; the lat-
ter may be kept alive from time to time, and through it
future property acquired by the debtor may be reached.
The extension of time was definite in terms and an ad-
vantage would be secured by such extension: Hartmann
v. Danner, supra.   Mr. Justice MITCHELL, in Ebert v.
Johns, 206 Pa. 395, states the modern idea of the law
thus: "The rule that payment of a smaller sum is not a
good accord and satisfaction for a larger one applies only
between debtor and creditor.   It was a deduction of
strict scholastic logic in the day when money was re-
garded as having a fixed and unchangeable value.   Hence

a part payment of money due could never logically be treated even by agreement as equivalent to a payment of the whole.   In the business methods of the present it has come to be recognized that money like other commodities has fluctuations of value not only in the general market, but also and more especially to the individual.   To a merchant with a note coming due $5,000.00 before three o'clock to-day, which will save him commercial credit, may well be worth more than $20,000.00 to-morrow after his note has gone to protest.   The recognition of this business condition has led to a statutory change of the rule in some states: 1 Am. & Eng. Ency. of Law, tit. Accord (2d Ed.) p. 414.   But the rule was always regarded as more logical than just, and as coming very close to a contradiction of the general rule that the law will not measure the amount or value of the consideration if parties have agreed upon it."   Melroy v. Kemmerer, 218 Pa. 381.   When money is placed at interest, the earning power of such investment is a consideration for the loan and when it is agreed that a certain rate per cent. shall be paid, this constitutes the inducement for the loan; there is no substantial reason why such consideration should not support the extension of time of a note or obligation past due when such extension is made for a definite time, as well as such consideration supporting the obligation when it is originally created.   The questions of fact presented by the evidence should be submitted to the jury.   The default mentioned in the original agreement is like any other default or forfeiture.   It may be waived and the payment and acceptance of the agreed rate of interest, with the payments of the principal, would be evidence of such waiver.   Until the parties exercised their option to enforce the forfeiture, the effect of the forfeiture would not be valid, but when such option is exercised, from that time the agreement would come under the penalty prescribed in the forfeiture.   As to the authority of the officer of the bank to make the agreement here contended for, the correspondence of the vice-presi-

dent, showing knowledge by the directors of the agreement, and board action directing certain steps to be taken unless the agreement was complied with, is sufficient to warrant a finding of ratification, even though the cashier did not have the authority here contended for.

The assignments of error are sustained.  The judgment is reversed and the rule granted in the court below is reinstated and made absolute.