## Krum v. Grube.

*Mortgage—Agreement as to payment—Collateral agreement—Extension— Rights of vendee of the mortgaged premises—Consideration—Seal.*

1. Where clauses in an agreement are inconsistent and conflicting, the true intent of the parties must be gathered from the whole instrument.

2. The recital of the purposes of an instrument cannot control the plain language contained in the body of the instrument.

3. Where a mortgage specifies a certain date of payment, and a collateral agreement executed on the same date between the same parties recites that, without changing the terms of the mortgage as to payment, payment shall be made in a certain other specific way and time, the recital of purpose in the agreement will not control, and the way and time specified in the agreement must prevail.

4. A seal upon an instrument imports a consideration, and want of consideration is not a defence upon an action upon such instrument.

5. An agreement to extend time of payment of an obligation may import a consideration, inasmuch as it may consist of a slight advantage to one party or a trifling inconvenience to the other.

6. Where a mortgage provides for payment in one year, a collateral agreement between the same parties, whereby the mortgagee agrees to accept monthly instalments and to adjust the interest quarterly, is based on sufficient consideration.

7. In such case, a vendee of the mortgaged premises to whom the agreement has been assigned has such a beneficial interest in the agreement that he may in equity assert it against an attempt to enforce the mortgage in violation of the agreement.

Rule to open judgment. C. P. Lehigh Co., Jan. T., 1924, No. 357.

*Edwin K. Kline,* for plaintiff.

*Groman & Rapoport,* for defendant and petitioners.

RENO, P. J.—On Dec. 15, 1922, defendant executed a bond and mortgage to plaintiff for $5000, payable one year after date. A written instrument, under seal, dated the same day, recites the mortgage, and, further, that, "without changing any terms and conditions of said mortgage and accompanying bond as to the payment of principal and interest thereon," the parties thereto have agreed, in substance, that defendant shall pay the sum of $100 monthly to plaintiff and that "every three months the interest on said mortgage . . . will be ascertained and deducted from said three monthly payments, and whatever balance there may be remaining out of said three monthly payments . . . will be applied upon the principal of said mortgage and accompanying bond, which payments are to continue until said principal sum is fully paid, together with all interest." Plaintiff thereby agrees to accept said payments "on account of said mortgage and accompanying bond as to principal and interest as hereinbefore set forth." Plaintiff now claims that this agreement did not change or extend the time of payment of the principal of the mortgage. He contends that the words "without changing any terms and conditions of said mortgage and accompanying bond as to the payment of principal and interest on the same," contained in the recital of the purposes of the agreement, leave the date of maturity of the mortgage unaltered. Yet the agreement provides that defendant shall pay, and defendant shall accept, monthly instalments of $100, which payments are to be credited against interest and principal, and that this shall continue "until said principal sum is fully paid, together with all interest." Certainly, at that rate, the principal could not possibly be paid within one year. If the agreement had not the effect of extending the maturity of the obligation, it had no effect at all; for it expressly requires defendant to pay monthly, and to continue to pay monthly, until the principal and interest are fully paid. No other meaning can be attributed to the words

Krum *v.* Grube.

"which payments are to continue until said principal sum is fully paid" except that the principal is not to be due until the expiration of the period during which the monthly instalments were to be made. Naturally, to give the instrument this effect is to change the terms and conditions of the mortgage and accompanying bond. But the change is inevitable. The two clauses are inconsistent and conflicting. In such circumstances, the true intent of the parties must be gathered from the whole instrument, and a recital of the purposes of the instrument cannot control the plain language contained in the body of the instrument: 13 Corpus Juris, § 502; 6 Ruling Case Law, 836.

Having reached this conclusion concerning the meaning of the instrument, the question of consideration need give us little concern. A seal upon an instrument imports a consideration, and want of consideration is not a defence to an action upon such an instrument: Clymer *v.* Groff, 220 Pa. 580. Apart from this, the consideration for an agreement to extend the time of payment of an obligation may consist of a slight advantage to one party or a trifling inconvenience to another: Shoemaker *v.* Farrell, 64 Pa. Superior Ct. 34. The provision whereby plaintiff agreed to accept monthly instalments and to adjust the interest quarterly was of itself a sufficient consideration, to say nothing of the obligation imposed upon defendant to pay monthly that which matured at the end of the year.

In pursuance of the agreement, defendant paid, and plaintiff accepted, monthly payments of $100 until July, 1923, when defendant sold the property to George F. Strohl. At the same time, defendant assigned the aforesaid agreement to Strohl, and thereafter, until January, 1924, Strohl paid, and plaintiff accepted, monthly instalments of $100. Then, alleging that he wanted the unpaid balance of principal, plaintiff entered judgment for that sum upon the confession contained in his bond and issued execution, directing the sheriff to levy upon defendant's personal property and upon the real estate described in the mortgage accompanying the bond. The case is before us upon the joint petition of defendant and his vendee, Strohl, for the opening of the judgment entered upon the bond.

In addition to the contention already noted and answered, plaintiff further contends that the agreement was not assignable and that Strohl is not entitled to the benefits of the attempted assignment. But plaintiff has treated the agreement as though it were assignable by accepting payments from Strohl. Hence, in a court of equity, he cannot assert that the agreement under which he accepted payments from the assignee thereof was not in law assignable. Moreover, the reference in the agreement to the mortgage made the terms of the agreement a part of the terms of the mortgage (Morris *v.* Campbell, 186 Pa. 589, 592; Cooper *v.* Shaver, 101 Pa. 547; 6 Ruling Case Law, 857), and the mortgage being a lien against property of which he was the owner, Strohl unquestionably has such a beneficial interest in the agreement that he may, in equity, assert it against the attempt of plaintiff to enforce the mortgage in violation of the agreement. And, finally, it is by no means clear that such an agreement, even though it does not contain the usual words "heirs and assigns," is not assignable. It was merely the evidence of an equity subsisting between the original parties to a mortgage. No sound reason has been alleged and no authority has been cited prohibiting the assignment of such evidence.

Now, July 7, 1924, the rule heretofore granted upon plaintiff to show cause why judgment should not be opened and the defendant let into a defence is made absolute. Parties may submit form of order framing an issue.

From Edwin L. Kohler, Allentown, Pa.