## Jeck v. Halpren et al.

*Maurice J. Friedman,* for plaintiff.

*Edward Unterberger,* for defendants.

OLIVER, P. J., January 19, 1942.—This matter is before the court on a rule for judgment for want of a sufficient affidavit of defense in sci. fa. proceedings for foreclosure of a mortgage. The proceedings were instituted by plaintiff, as present holder of the mortgage, against Jacob Halpren, the original mortgagor, and Harry Gitman, the present owner of the mortgaged premises. It appears that the mortgage was executed by Halpren in favor of the Southwark Title & Trust Company on December 7, 1922, conditioned upon the payment of $4,500, payable at the expiration of three years, with semi-annual interest at six percent. By various assignments the mortgage passed to plaintiff, his immediate assignor being Sarah Metzker, who executed the transfer to plaintiff on November 7, 1941. On November 13, 1941, plaintiff brought this action, alleging as the sole ground therefor defendant's default in payment of the principal sum due on the mortgage. Defendant Gitman, in his affidavit of defense, averred that "the principal sum is not due and payable and will not become due until December 7, 1941." Thereupon, the present rule for judgment for want of a sufficient affidavit of defense was taken.

Rule 66 of the Common Pleas Rules for Philadelphia County provides:

"A rule for judgment for want of a sufficient affidavit of defense . . . shall set forth the particulars wherein the pleading is deemed to be insufficient."

Pursuant to this rule, plaintiff alleged that the insufficiency of the affidavit consisted in its failure: First, to set forth whether the alleged extension of the mortgage was oral or written, and second, if written, to attach a copy thereof. Subsequent to the filing of this rule, defendant filed an amended affidavit of defense in which it is averred, inter alia, that "the principal sum is not due and payable and will not become due until December 7, 1941, as appears by letter of the Provident Trust Company, a copy of which is hereby attached and made part hereof". By this amendment defendant has met the objections raised by plaintiff, and has supplied the information for lack of which plaintiff attacked the pleading. However, we are of the opinion that the affidavit is insufficient in other respects. A court may enter judgment on the rule, even though there has been a failure to specify defects in the affidavit. See Zuckerman & Katz v. American Table Water Co., 26 Dist. R. 599, 600 (1916).

The main point of Gitman's defense is that there was an extension of the mortgage entitling him to pay off the principal in yearly instalments, so that he contends he is not now in default. This contention is based upon a letter from the Provident Trust Company of Philadelphia, which held the mortgage at the time it was written, stating "we are willing to accept the interest which will become due June 7, 1941, and December 7, 1941, at the rate of five percent, provided you will make a payment on account of the principal of the mortgage in the sum of $100 yearly, payable at each interest due date and that there is no default in the payment of interest and taxes when and as they become due".

The established rule, as stated in Shoemaker, to use, v. Farrell, 64 Pa. Superior Ct. 34, 37 (1916), is:

"An agreement to extend the time of payment of an overdue obligation must be based on a consideration: Hartmann v. Danner, 74 Pa. 36, 'for the plain reason that, in a legal sense, it is neither a benefit to the creditor, who is entitled to the whole, nor an injury to the debtor, who ought to have done this and more without any promise from the creditor.' "

It was held in the Shoemaker case that such consideration may be a slight advantage to one party or a trifling inconvenience to the other, and that, where the lien of a mortgage is limited to specified premises, an agreement, after maturity, to extend the time of payment at a less rate of interest is based upon a sufficient consideration if it appears that the mortgagor binds himself to pay the amount due in instalments at specified dates. At first consideration it would seem that this decision of the Superior Court fits precisely the present proceedings, and that the "extension agreement" must therefore be upheld. However, closer examination of the alleged "agreement" in this case reveals that nowhere in it does plaintiff *bind* himself to make the payments on account of the principal. Such an obligation was assumed by the obligor in the Shoemaker case, and upon that obligation the decision of the court was based.

Although it does not appear in his affidavit of defense, defendant asserts, in his argument against the rule, that already one payment on account of principal has been made, pursuant to the arrangement set forth in the letter. Even if we were to permit further amendment of the affidavit so as to include this averment, it would avail defendant little, for this would amount merely to a partial payment of a debt after maturity, and our courts have held quite consistently that this is not sufficient consideration to support an agreement to extend the time of payment: Hartmann v. Danner, supra; Hecht v. Hecht, 301 Pa. 379 (1930). See Fonner v. McNurlin et al., 19 D. & C. 376, 379 (1933). Consequently, we hold that defendant has failed to al-

lege a binding extension agreement sufficient to prevent judgment for plaintiff in these proceedings.

Plaintiff's alleged failure to make a demand of defendant Gitman for payment of the principal, or to give notice that such a demand had been made, does not render invalid the present proceedings. This objection was raised in Atkinson v. Walton et al., 162 Pa. 219, (1894), but the court stated (p. 221):

"The sci. fa. was not to enforce a forfeiture, which, generally, must be preceded by a personal notice; it was to collect money according to an express condition of the contract. Notice to the mortgagors or their terre tenants was not required.

". . . the only notice required of the mortgagee is the service of the writ."

Consequently, there remains only the question of the amount of the judgment to be rendered, and this requires determination of the attorney's commission to be allowed, for it has been stated that such commission cannot be collected as costs, but must be included in the judgment. See Commonwealth v. Pennsylvania Loan Corp., 127 Pa. Superior Ct. 253, 256 (1937), citing Daly v. Maitland, 88 Pa. 384 (1879). The mortgage here involved contains the usual provision for a five percent attorney's commission should resort be had to sci. fa. proceedings for collection of the amounts due the mortgagee. However, defendant resists the allowance on the ground that a demand for payment of the principal should have been made before institution of this action, for in that event the obligation could have been paid by defendant and the necessity for legal proceedings would have been obviated. The general rule is that there is no necessity for a preliminary demand for the payment of either principal or interest in order to entitle plaintiff to recover attorney's commissions which the mortgagor agreed to pay: Walter v. Dickson et al., 175 Pa. 204 (1896), and cases cited therein. But the allowance of such commissions is entirely within the

equitable control of the court, and the court may, in the reasonable exercise of its discretion, deny the recovery of any commissions at all, or reduce the amount below that stipulated in the mortgage: Lewis v. The Germania Savings Bank, 96 Pa. 86, 92 (1880); Daly v. Maitland, supra; Warwick Iron Co. v. Morton, 148 Pa. 72 (1892); Yost v. Coyle (No. 1), 226 Pa. 455 (1910). Concerning the application of this equitable doctrine to a case where the debtor has been misled by his creditor, or thrown off his guard with respect to the time within which the obligation should be paid, it has been stated that under such circumstances ". . . it would not be an unreasonable exercise of the equitable power of the court to refuse any allowance for attorney's commissions; but, to justify such action on the part of the court, the defendant should attest his sincerity and good faith by promptly paying or tendering the amount of debt and interest, exclusive of commissions": Lewis v. The Germania Savings Bank, supra, p. 92. There is no allegation in the affidavit of defense of a prompt formal tender of the debt and interest after initiation of these proceedings on November 13th. Defendant merely averred, in the amended affidavit sworn to on December 6th, that "he is now and will on December 7th, 1941, be ready, willing and able to repay the principal sum of said mortgage without cost or counsel fee and plus one dollar satisfaction fee for the satisfaction thereof, which sum is herewith tendered". Thus, defendant's offer to pay omitted any reference to the interest to which plaintiff was entitled, and defendant continued to dispute plaintiff's immediate right to full payment. Plaintiff was therefore obliged further to pursue his legal remedy, and is entitled to a reasonable sum as indemnity for the expenses incurred by retention of counsel in this matter. In our opinion, three percent is a reasonable allowance for attorney's commission in this case.

## Order

And now, to wit, January 19, 1942, plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute. Judgment is directed to be entered in favor of plaintiff and against defendant Harry Gitman for the sum of $4,150, with interest at six percent from June 7, 1941, to this date, together with an attorney's commission of three percent and costs.