## Lowrie *against* Verner.

In a suit to recover from a magistrate the penalty of 50 pounds, imposed by the first section of the act of the 14th of February 1730, for marrying minors and apprentices, where the notice, given under the act of the 21st of March 1772, apprized the defendant that suit would be brought against him in the common pleas, whereas it was instituted in the district court, such notice was held good.

A fact admitted among counsel in the presence, but prior to the swearing of the jury, is not evidence, and should be excluded from the consideration of the jury.

If the plea of tender of amends be not put in, the court and jury are not authorized by the act of assembly to pass upon the question of amends.

No sum of money short of the penalty is a sufficient amends.

ERROR to the district court of *Alleghany* county.

This was an action of debt brought by John Verner, the defendant in error, to recover from Matthew B. Lowrie, Esq., an alderman in the city of Pittsburgh, the penalty of 50 pounds for marrying a son of Verner, who was a minor, under the age of twenty-one years, without a license or the consent of his parents.

The plaintiff below offered in evidence a notice apprizing the defendant that suit would be brought against him in the common pleas. The defendant's counsel objected to the notice as insufficient, because the suit, instead of being brought in the common pleas, was instituted in the district court. The objection was overruled; and at the instance of the defendant's counsel an exception was sealed.

After the jury were called, but before they were sworn, an application was made by the defendant below for a continuance of the cause, on the ground of the absence of a witness. The plaintiff's counsel then offered to admit any facts which the defendant would say he could prove by the witness if present. The defendant then stated he could prove that he offered to pay the plaintiff 60 dollars if he would compromise the suit, and that the plaintiff refused, saying he was sorry he could not make the defendant pay 1000 dollars. Although this was agreed to be admitted in the presence of the jury

·[Lowrie v. Verner.]

before they were sworn, it was entirely overlooked or forgotten, at least not commented or relied upon by the counsel on the trial.

Verdict and judgment were rendered in favour of the plaintiff for the amount of the penalty.

The following errors were relied upon.

1. That the court erred in admitting the notice in evidence.

2. In charging the jury that the plaintiff could recover notwithstanding the notice called for a different court.

3. In telling the jury they should not mind what they heard about a tender of amends.

*Fetterman,* for plaintiff in error.

The notice given in this case is required by the first section of the act of the 21st of March 1772. *Purd.* 492. That act requires that the notice of the writ or process, which it prescribes, shall contain the cause of action against the defendant. The notice in the present case was calculated to mislead the defendant, and was not a compliance with the act. By the act, the privilege of tendering amends is given to the defendant. Mitchell *v.* Cowgill, 4 *Binn.* 24; Litle *v.* Toland, 6 *Binn.* 83; 7 *Term Rep.* 631; Prior *v.* Craig, 5 *Serg. & Rawle* 44.

*Burke,* for defendant in error.

The district court has concurrent jurisdiction with the common pleas of all causes of action where the amount in controversy exceeds 100 dollars. The presumption is, that justice will be administered in one court as well as in the other. Notice of the kind of writ is not necessary. No amends short of the penalty is sufficient. Mitchell *v.* Cowgill, 4 *Binn.* 25.

The opinion of the Court was delivered by

SERGEANT, J.—In the argument of this case, two errors have been relied on by the plaintiff in error. The first is, that the notice to the magistrate of the plaintiff's intention to institute a suit was defective, because it informed him that the action would be brought in the court of common pleas of Alleghany county, whereas it was afterwards brought in the district court of Alleghany county. The great object of notice is to apprize the magistrate who it is that complains, and what the nature of the complaint is, in order that he may inform himself of the injury sustained, and prevent a suit by the payment of sufficient amends. For this purpose the act of 1792 requires the cause of action to be clearly and explicitly stated, and the name of the attorney or agent, together with the place of his abode, to be indorsed on the notice. These are indispensable requisites, which must be strictly complied with; and for defects in these points, suits against justices have, in repeated instances, failed. But in other matters, a substantial compliance with the act has been deemed sufficient, and nice and captious objections in matters of form have been overruled.

[Lowrie v. Verner.]

At least this been the spirit of the decisions in Pennsylvania, where the act is construed with more liberality than its prototype has been in England. Thus, in Mitchell *v.* Cowgill, 4 *Binn.* 20, the supreme court held in 1811, that the notice need not state the kind of writ that would be issued; though the contrary had been determined by an English judge in 1767, and confirmed by the king's bench in 1798. 7 *Term Rep.* 631. The act does not require the plaintiff to state the court in which the suit will be brought : its insertion is superfluous, and a mistake in it cannot prove prejudicial to the defendant. If indeed the court of common pleas had no jurisdiction of the case, then some stress might be laid on the objection. It might be alleged that the defendant, knowing that a suit brought in the court mentioned in the notice was not maintainable, had omitted to tender amends. But the jurisdiction of these two courts, in original actions for claims exceeding 100 dollars, is concurrent : and, therefore, the defendant could not be led into such omission by the contents of the notice. I am therefore of opinion that there was no error in admitting the notice in evidence, and in charging the jury that the plaintiff could recover, notwithstanding a different court was mentioned.

Another error assigned is, that the court erred in instructing the jury they should not regard what they heard about a tender of amends. The privilege of tendering amends being the great object for which the act was passed, any defence on that score ought to be carefully preserved to the magistrate. But in the shape it was presented, it was liable to various objections. It does not appear that there was any evidence on the subject before the jury. An admission was made among counsel, prior to the swearing of the jury, but not restated to the jury as part of the evidence in the case after they were sworn. The jury are to be considered conusant only of what comes to their knowledge after their duty commences by their qualification to try the cause : and if the parties or their counsel neglect to bring material evidence before them regularly, it is their own fault. In addition to this, there was no plea of tender of amends ; in which case only, does the act of assembly authorize the court and jury to pass upon it.

But if it had been pleaded, and was regularly in evidence, it was not material. No sum of money short of the penalty could be a sufficient amends. In demands founded on torts and sounding in damages, any sum of money may be treated as amends, because the standard of damage is uncertain, depending on a variety of circumstances, and a party is as likely to recover on trial less than the sum tendered, as to recover more. But for a pecuniary debt, fixed and certain, a less sum of money cannot be an equivalent. Thus, payment of a less sum of money can never be admitted as an accord and satisfaction of a greater sum due. 1 *Stra.* 426 ; *Co. Lit.* 212, *b.* ; 5 *East* 232. But payment of any sum accepted as satisfaction of damages for a personal injury, is sufficient. 1 *Bac. Ab.* 41. Here the 50 pounds is given by the act to the party grieved, and nothing

[Lowrie v. Verner.]

less can be a compensation for it.   The defendant might have made a tender of that sum, and thereby relieved himself from costs, and that was the only amends that could be recognized as legal.

Judgment affirmed.