# Baldwin *against* Cash.

The Act of the 29th March 1827, which requires the prothonotary to keep a docket in which all judgments shall be entered, does not impose any penalty upon the officer for receiving the fee provided by the Act to be paid, before the service is performed.

ERROR to the Common Pleas of *Bradford* county.

Ethan Baldwin against David Cash. This suit was brought to recover a penalty of $50 for taking illegal fees. David Cash, the defendant, was prothonotary of the county, and received from the plaintiff $1.87½ for entering three transcripts upon the docket. The allegation of the plaintiff was that the docket was not such a one as the law requires, and that the defendant received the fees before the services were rendered.

The court below (CONYNGHAM, President) instructed the jury that the plaintiff was not entitled to recover, 1. Because it was no offence to receive the fees for a service, to be rendered as soon as the ordinary course of the business of the office would allow; and, 2. Because the Act of 1827 provided no penalty for receiving the legal fees before the service was performed.

*Baldwin, in propriâ personâ.*
*Williston* and *Elwell,* contra.

The opinion of the Court was delivered by
SERGEANT, J.—The Act of 29th March 1827, sec. 3, requires the prothonotary to keep a docket, to be called the judgment docket, into which is to be copied the entry of every judgment and every award of arbitrators, immediately after the same shall have been entered; and the last clause of the section directs that

the fee for all the entries made in each case in the judgment docket shall be 12½ cents, and no more. In the present case, the prothonotary, it is alleged, demanded and received these fees for entering judgments on transcripts from a justice of the peace, and he is sued for it by the plaintiff to recover the penalties, the plaintiff alleging that the defendant did not enter the judgment in such a docket as the law requires, and moreover that, if he did, he took the fees before entering the judgments, which he had no right to do.

Whether the fee charged in each case was legal or not; in consequence of the officer not performing the duty prescribed, or not doing it before taking the fee, we are not called on to decide in this case, because we are at a loss to find any Act of Assembly which subjects the prothonotary to a penalty for doing what is alleged against him. The Act of the 29th March 1827 does not impose any penalty on him in the case; and the Act of the 22d February 1821, which re-enacts the 26th and 27th sections of the Act of the 28th March 1814, is confined, so far as the penal clause is concerned, and so far as relates to the matter in question, to an officer's taking " any of the fees *hereinbefore ascertained,* when the business for which such fees are chargeable shall not have been actually done or performed." But the fee charged here is ascertained by the subsequent Act of the 23d March 1827, and not by an Act of 1814 or of 1821; and the court has not the power to extend the penalty to a fee given by a subsequent Act which imposes none. It is observable that in some other Acts, passed afterwards, a penalty is imposed expressly, or by reference to the Act of the 22d February 1821, as in the Acts of the 27th March 1821, 2d April 1822, and 13th April 1840; and it was probably from inadvertence that the same thing was not done in the Act of the 23d March 1827. It is an omission, however, which the Legislature only can supply.

The latter part of the 26th section of the Act of the 28th March 1814 does expressly embrace the case of fees not specified in that Act, or in some other Act of Assembly. But it relates merely to compensatory fees, and moreover applies solely to the duty of the court in allowing fees, and not to the penalty imposed on the officer. If the case came before the court on a question of taxation of costs or otherwise, for adjudication as to the right, this part of the clause would apply. But the penalty is given by the prior portion of the section, and there the words are different.

The Act of the 25th March 1831, subjecting an officer to indictment for extortion in wilfully, fraudulently and corruptly charging and taking fees, also extends as well to the fees limited in the Acts of the 28th March 1814, and 22d February 1821, as to those mentioned in any other Act or Acts of Assembly. But that offence is of a different character, and the proceedings are different.

Judgment affirmed.