## George Irons, Appellant, *v.* M. N. Allen.

*Justice of the peace—Penalties for taking illegal fees—Acts of March 28, 1814, and April, 2, 1868.*

The penalties provided by the act of March 28, 1814, P. L. 352, against justices of the peace for charging illegal fees are not applicable to the taking of fees illegal under the act of April 2, 1868, P. L. 3. The latter act provides no penalty, and the only punishment for taking a fee illegal under it is by indictment.

Argued May 7, 1895. Appeal, No. 88, July T., 1894, by plaintiff, from judgment of C. P. McKean Co., Feb. T., 1893, No. 4, entering nonsuit. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Appeal from justice of the peace in an action against a justice of the peace for taking illegal fees. Before MORRISON, J.

At the trial plaintiff offered evidence tending to show that defendant, a justice of the peace, had charged him greater fees than those allowed by the act of April 2, 1868. He claimed the penalty provided by the act of March 28, 1814, sec. 26. The court entered a compulsory nonsuit, which it subsequently, in an opinion by MORRISON, J., refused to take off.

*Error assigned* was refusal to take off nonsuit.

*J. M. McClure,* for appellant, cited : Endlich on the Interpretation of Statutes, 203 ; Miller v. Lockwood, 17 Pa. 248 ; Jacoby v. Shafer, 105 Pa. 610.

*E. L. Keenan, J. N. Apple* with him, for appellee, cited : Butts v. Miller, 2 Chester Co. Rep. 111 ; Derrick & Orr v. Litsch, 2 Chester Co. Rep. 494 ; Irwin v. Commissioners of Northumberland, 1 S. & R. 505 ; Fort Pitt. B. & L. Assn. v. Model Plan B. & L. Assn., 159 Pa. 308 ; Com. v. Standard Oil Co., 101 Pa. 150.

OPINION BY MR. JUSTICE FELL, July 18, 1895 :

This appeal is from an order of the court refusing to take off a judgment of nonsuit entered in an action brought against a

justice of the peace to recover a penalty for taking illegal fees. The fees of the justice are fixed by the act of April 2, 1868, and the penalties which the plaintiff sought to recover are imposed by the act of March 28, 1814. The question then is whether the penalties fixed by the earlier act extend to the later act, and its consideration requires a review of the legislation upon the subject.

The act of March 28, 1814, is entitled " An act establishing a fee bill," and the 26th section provides : " If any officer whatsoever shall take greater or other fees than are hereinbefore expressed and limited, for any service to be done by him in his office, or if any officer shall charge or demand and take any of the fees hereinbefore ascertained when the business for which such fees are chargeable shall not have been actually done and performed, or if any officer shall charge or demand any fee for any service or services other than those expressly provided for by this act, such officer shall forfeit and pay to the party injured $50.00, to be recovered as debts of the same amount are recoverable." This section was re-enacted by the 15th section of the act of Feb. 22, 1821, which is entitled " An act to alter and amend the fee bill," and again re-enacted by the 4th section of the act of April 18, 1857, which is " An act relating to the fees of aldermen, justices of the peace and constables." It is omitted from the act of 1868, which is " An act to ascertain and appoint the fees to be received by the several officers of the commonwealth." This act contains no penal provision. A later act, that of June 12, 1878, fixing the fees of sheriffs, coroners and other officers, but not including justices, provides a penalty greater than that of the act of 1814. Briefly, the legislation is this : the 26th section of the act of 1814 imposes a penalty for taking greater or other fees than therein expressed and limited. That section is extended to and made a part of the acts of 1821 and 1857, but not of the act of 1868, which fixed the fee in question. This act provides no penalty. The act of 1878 imposes a new and more severe penalty, but does not apply to justices of the peace.

It is of interest to note the course of the criminal law relating to this offense during this period. Before the act of 1814 the exacting of illegal fees was punishable at common law as extortion. After the passage of the act it was held that an indict-

ment would not lie, for the reason that as there was a penalty fixed by statute, proceedings by indictment at common law were forbidden by the act of March 21, 1806. Commonwealth v. Evans, 13 S. & R. 425. It was made punishable by indictment by the acts of March 25, 1831, and March 31, 1860.

The penalty imposed by the act of 1814 is not for taking illegal fees generally, but for taking fees illegal under that act. No fee fixed by the act of 1868 can be said to be "expressed and limited" or "expressly provided" by the act of 1814, and for taking a fee illegal under the act of 1868 the only punishment is by indictment. It is not a question of repeal of the 26th section of the act of 1814 by implication or otherwise, but of the omission to re-enact or extend it; and without such re-enactment or extension it cannot by its own terms apply to any offense not against its own provisions. This construction is not close or narrow, in view of the fact that the penalty of the act, as held in Commonwealth v. Evans, supra, and Meredith's Executor v. Cist, 7 S. & R. 183, is not in the nature of compensation, but is a penal infliction. It is a construction required by the established rules as to penal acts, and is fortified by the express extension of section 26 of the act of 1814 by the acts of 1821 and 1857.

Practically the same question was considered and decided in Baldwin v. Cash, 7 W. & S. 427. The action was to recover the penalty of the act of 1814 for taking a fee illegal under the act of March 29, 1827, which act like that of 1868 provides no penalty. It is said in the opinion: "The act of March 29, 1827, does not impose any penalty, and the act of Feb. 22, 1821, which re-enacts the 26th section of the act of 1814 is confined, as far as the penal clause is concerned and so far as relates to the matter in question, to an officer's taking any of the fees hereinbefore ascertained when the business for which such fee is chargeable shall not have been actually done or performed. But the fee charged here is ascertained by the act of March 23, 1827, and not by the act of 1814 or of 1821; and the court has not the power to extend the penalty to a fee given by a subsequent act which imposes none." Judge SERGEANT adds that the omission of the penalty from the act was probably inadvertent, but one which the legislature alone could supply.

Heinrich v. Venter, 1 Atlantic Reporter, 598, was decided expressly on the ground that the act of Feb. 3, 1865, under which the fees taken were illegal, was an amendment of the act of 1814. The act of 1868, although upon the same subject, is not an amendment, but a separate act.

The judgment is affirmed.