Opinion by
Rice, P. J.,
The plaintiff and his wife were charged before the defendant, who was an alderman, with malicious mischief, and, upon the prosecution being settled and dismissed or withdrawn, the plaintiff, according to his allegation, paid to the alderman costs amounting to $9.41. In the notice given prior to bringing his action to recover twelve penalties, the plaintiff set forth separately each of the twelve items of fees making up this amount, and stated the reason for alleging its illegality — in some instances, that it was more than was allowed by law for the service specified; in others, that it was a charge for a service that was not rendered — and then alleged in each instance: “Whereby you have forfeited to me the sum of $50 as provided by the act of 28th March, 1814.” In framing his declaration the plaintiff followed the same course, with this difference, that, instead of repeating the foregoing clause as to each item, he covered all of them by this general clause at the end of the declaration: “Wherefore the plaintiff, herein showing that the defendant by virtue and color of his office hath demanded and received from the plaintiff twelve different items of costs which were illegal for the reasons hereinbefore set forth, claims to recover from defendant for each illegal item the penalty imposed by the act of March 28th, 1814, to wit, $50.” After the cause was at issue, and after the six months’ limitation prescribed by sec. 7 of the Act of March 21, 1772, 1 Sm’. L. 364, had expired, but before trial, the plaintiff, by leave of court, amended his declaration by striking out of the last quoted clause, “March 28th, 1814,” and substituting therefor, “May 26th, 1897, P. L. 100.”
*645 The defendant contends, first, that the plaintiff, having in his previous written notice and statement of claim demanded the penalty provided by the act of 1814, based his action on an “obsolete and invalid” statute, and therefore the court had no jurisdiction; second, that the amendment corrected a material defect in pleading, introduced a new cause of action, presented a new subject-matter, and deprived the defendant of his right to plead the statute of limitations, and therefore should not have been allowed; third, that the amendment created a variance between the plaintiff’s declaration and the prior written notice, which was fatal to the action; and, fourth, that as the plaintiff paid the costs in a lump sum there was but one charging and taking, and hence could be but one recovery of $50.00.
The ease was tried on the theory (the correctness of which is not contested here) that, as the defendant was elected prior to the passage of the Act of April 23, 1909, P. L. 160, his fees were fixed by the Act of May 23, 1893, P. L. 117. But this act does not prescribe a penalty for taking fees illegal under it, and it was held, in Lyons v. Means, 1 Pa. Superior Ct. 608, following a similar ruling upon the Act of April 2,1868, P. L. 3, in Irons v. Allen, 169 Pa. 633, that the penal provisions of the Act of March 28, 1814, 6 Sm. L. 228, could not be imported into the act of 1893, and, therefore, the only punishment for taking fees illegal under the latter act was by indictment. The controlling principle, which was as applicable under the act of 1893 as under the act of 1868, was thus expressed by the present chief justice: “The penalty imposed by the act of 1814 is not for taking illegal fees generally, but for taking fees illegal under that act. No fee fixed by the act of 1868 can be said to be 'expressed and limited’ or 'expressly provided’ by the act of 1814, and for taking a fee illegal under the act of 1868 the only punishment is by indictment. It is not a question of repeal of the 26th section of the act of 1814 by implication or otherwise, but of the omission to re-enact or extend it; and without *646 such re-enactment or extension it cannot by its own terms apply to any offense not against its own provisions. This construction is not close or narrow, in view of the fact that the penalty of the act, as held in Commonwealth v. Evans, 13 S. & R. 426, and Meredith’s Executor v. Cist, 7 S. & R. 183, is not in the nature of compensation, but is a penal infliction. It is a construction required by the established rules as to penal acts, and is fortified by the express extension of section 26 of the act of 1814 by the acts of February 22, 1821, 7 Sm. Laws 367, and April 18, 1857, P. L. 229. Practically the same question was considered and decided in Baldwin v. Cash, 7 W.&S. 427.” Thus the law remained until the passage of the Act of May 26, 1897, P. L. 100, which remedied the omission in the fee bills of. 1868 and 1893, which had been commented on in the cases cited, by providing “That if any officer, whether while in office or after his term shall have expired, shall charge or demand any fee for any service or services other than the fee provided by law, such officers shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable.” By his amended declaration it was under and by virtue of the provisions of that act that the plaintiff sought to recover, and the first question to be considered is, whether there' was a variance between the declaration and the previous; notice.
The act of 1772 was intended for the protection of justices of the peace. It expressly provides that in the notice that must be given “shall be clearly and expressly contained the cause of action.” It has been uniformly held that the notice should be so specific and definite that the defendant may have no doubt as to what the cause of action is that the plaintiff alleges against him and may have an opportunity of tendering amends. The notice need not state the kind of writ intended to be issued,, whether summons or capias: Mitchell v. Cowgill, 4 Binney, 20; nor the kind of action, whether trespass or case: Litle v. Toland, 6 Binney, 83; Miller v. Smith, 12 S. & R. 145; *647 nor the court in which the action is intended to be brought: Lowrie v. Verner, 3 Watts, 317. In the last cited case it was held that, though the notice stated that the action would be brought in the common pleas, and it was brought in the district court, the variance was not fatal. This was put upon the ground that the jurisdiction of the two courts was concurrent, and, therefore, the defendant could not have been misled. But Justice Sergeant suggested a thought, which is quite pertinent here,-in this way: “If indeed the court of common pleas had no jurisdiction of the case, then some stress might be laid on the objection.' It might be alleged that the defendant, knowing that a suit brought in the court mentioned in the notice was not maintainable, had omitted to tender amends. But the jurisdiction of these two courts, in original actions for-claims exceeding 100 dollars, is concurrent: and, therefore, the defendant could not be led into such omission by the contents of the notice.” There is also some warrant for the position that, if the notice states the kind of action intended to be brought, which kind of action is not maintainable on the facts alleged, and the action after-wards brought is of a different kind, the variance will be fatal on the trial, because the justice might have.omitted-to tender amends perceiving by the notice that the plaintiff could not support his action. See Strickland v. Ward, 7 T. R. 633n, and Mitchell v. Cowgill, 4 Binney, 20. But be that as it may, a point not necessary to be decided in this case, it is clear upon principle, as well as under all' the authorities, that the notice must not mislead by the introduction of unnecessary matter. Thus, in Stansbury v. Bertron, 7 W. & S. 362, it was held, as stated in the syllabus, that the notice must specify .the nature and circumstances of the injury to be redressed; bub a circumstance unnecessarily set out, as the date of- an act of assembly, which he violated and thereby incurred the penalty, must be as set out, otherwise the plaintiff cannot recover. Chief Justice Gibson, after stating that a statute which founds an action is to be strictly pursued, *648 that the notice to tender amends, which is the first step in a case like the present, is in the nature of a declaration pointing out with sufficient precision to preclude mistake the nature and circumstances of the injury to be redressed, and that, without the technical formality of a declaration, it should have all the substance, proceeded to discuss the effect of the misrecital of the date of the statute which the notice alleged had been violated, and said: “It was said by Lord Holt in Mills v. Wilkins (6 Mod. 62), that the title of a statute is no more a part of it than the title-page is part of a book; but that when the plaintiff attempts to recite it, ‘he thereby ties himself to an act so entitled, and, if he cannot produce it, he is gone.’ The rule equally holds in regard to the recital of the date, qualification of its application being found only in the misrecital of a public statute in an indictment concluding, not against the form of the statute generally, but against the form of the statute in such case made and provided. The judges, being directed by the conclusion to the only statute made for the case, may give judgment on it as the foundation of the indictment, and disregard the misrecital as surplusage. Here, however, there is neither conclusion nor anything else pointing even indirectly to the true statute; and the plaintiff, by giving a wrong date as matter of description, has pinned himself down to the production of a statute which does not exist.” A case still more closely in point is Apple v. Rambo, 13 Pa. 9, where it was held that, if the notice states that the action will be brought under one act of assembly, the plaintiff ought not to be at liberty to depart from it in his declaration. The precise question, whether, the notice being sufficient in other particulars, the date of the act may be regarded as surplusage, although it was not necessary to give the date, was considered in both of these cases and decided in the negative. The notice given in the present case was not merely that a penalty of the amount prescribed by the act of 1814 had been incurred, but that by reason of a violation of its provisions the very penalty prescribed by *649 that act had been incurred, and that the action to be brought would be founded on that act. The defendant was justified in putting this interpretation on the notice, and regulating his conduct as to tendering amends accordingly. We therefore cannot escape the conclusion that, as in Apple v. Rambo, so here, the plaintiff gave notice that he would proceed under one act, and declared on another and different act. It follows that the objection that was sustained there must be sustained here. It is to be noticed further, that in both of these cases the objection was raised on the trial, and we cannot find that the defendant in the present case waived it or estopped himself from raising it by request for binding direction. In this view of the case it is unnecessary to discuss the' other points raised by defendant’s counsel.
The judgment is reversed, and judgment is now entered for the defendant non obstante veredicto.