Damian, Appellant, *v.* Hernon.

Argued April 23, 1931.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Ralph C. Davis,* for appellant.

*Leonard A. Mazer,* and with him *D. Albert Mazer,* for appellee.

OPINION BY BALDRIGE, J., July 8, 1931:

The plaintiff brought this action in assumpsit against the defendant to recover the sum of $300, with interest from May 7, 1930, as a penalty for illegal fees charged and collected in an action tried before the defendant as a justice of the peace.

The learned court below held that although the fees charged and received were concededly illegal and excessive, the plaintiff failed to give the preliminary notice to the defendant of his intention to proceed against him, as required by the Act of March 21, 1772, 1 Smith Laws 364 (2d Purdon, 13th Ed. 2162). Under that statute it was the duty of the plaintiff, before instituting this action, to serve on the defendant a notice in writing of his intention to bring suit, at least thirty days before the serving of the writ, "in which notice shall be clearly and explicitly contained the cause of action." Objection of the defendant to the sufficiency of the notice was sustained and a judgment rendered in the defendant's favor on the pleadings.

The lower court relied chiefly upon Barnett v. Cain, 51 Pa. Superior Ct. 642. In that case, the cause was at issue and the six months' limitation as prescribed by section 7 of the Act of March 21, 1772, had expired,

but before the trial the plaintiff amended his declaration by substituting the Act of May 26, 1897, P. L. 100, for the Act of 1814. The court held that "the notice given in the present case was not merely that a penalty of the amount prescribed by the act of 1814 had been incurred, but that by reason of a violation of its provisions the very penalty prescribed by that act had been incurred, and that the action to be brought would be founded on that act. The defendant was justified in putting this interpretation on the notice, and regulating his conduct as to tendering amends accordingly." It will be observed that the plaintiff there gave specific notice that he was relying upon an obsolete and, therefore, an unenforceable statute and the defendant was not required in such circumstances to conclude that the plaintiff intended to proceed under another and different act of assembly. In Apple v. Rambo, 13 Pa. 9, it was held that if a notice states that an action will be brought under one act of assembly, the plaintiff is not at liberty to depart from his declaration and proceed under another act. Such is not the case here. The plaintiff did not give a notice that he was proceeding under any particular act of assembly and we think it was unnecessary so to do. The act does not so provide, but it does require that the notice "shall clearly and explicitly contain the cause of action." The notice informed the defendant that if he did not tender sufficient amends within thirty days, the plaintiff would bring an action, charging that he "Maliciously, illegally, oppressively and without probable cause collected the following illegal fees in the case of the Commonwealth of Pennsylvania v. A. C. Damian, wherein information was made before you by one F. R. Clark." There was set forth also the date of the hearing and an itemized statement of the fees charged, alleged to be in violation of the laws, and that the fees were paid by the plaintiff under protest. " 'A cause of action

is that which produces or affects the results complained of'': Noonan v. Pardee, 200 Pa. 474. The phrase 'cause of action' as used in the statute fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action. It arises when that is not done which should have been done, or that is done, which should not be done:" Shaffer's Est., 228 Pa. 36, 40. The notice served upon the defendant sets forth explicitly that which was done which should not have been done, namely, the illegal taking of certain itemized fees in a definitely mentioned case, heard at a particular time. There could not be successful contention that the defendant was misled by such a notice. There could have been no doubt in his mind as to the demand, the nature of the illegal charges, and the identity of the action, which gave him full opportunity of tendering amends for the wrong done. The money did not justly belong to him, which he should have known, and he should have voluntarily and promptly surrendered the money unjustly collected by virtue of his office.

Furthermore, we find no merit in the contention that the statement of claim purports to set forth a cause of action in trespass, whereas, the suit was brought in assumpsit. It is true that the notice referred to the defendant's "illegal, malicious and oppressive conduct," but the statement of claim clearly sets forth a cause of action in assumpsit. The use of words in an action of assumpsit which generally apply to the conduct of the defendant in an action ex delicto does not in itself convert the action into one of trespass, if the gist of the action is in assumpsit and the averments in support thereof are sufficient; that is all the law requires. This action is founded on a statute which expressly creates a debt for the collection of fees not provided by law. It is, therefore, es-

sentially an action ex contractu: Menner v. Canal Co., 7 Pa. Superior Ct. 135. Furthermore, the particular words referred to could have been omitted or considered as surplusage and the notice still would have been sufficiently clear and explicit to be within the requirements of the statute.

The appellant is not entitled to recover, however, the sum of $300. Section 1 of the Act of May 26, 1897, P. L. 100, provides "That if any officer, whether while in office or after his term shall have expired, shall charge or demand any fee for service or services other than the fee provided by law, such officers shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable." In our view, the wording of this act does not mean that $50 shall be imposed for each item in the bill of costs, as contended by the plaintiff. This is a penal statute and should be strictly construed. The illegal fee was $2.25, made up of several small items, and the penalty to be imposed is upon the total and not upon each item, and, therefore, judgment could not be recovered for more than $50.

The order of the court below is reversed and the record is remitted for further proceedings.