Nies *v.* Metropolitan Casualty Insurance Company
of New York, Appellant.

Argued February 5, 1935. Before FRAZER, C. J., SIMP-
SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

546

 

*Philip Sterling,* of *Sterling & Willing,* with him *Arthur H. Hull,* of *Snyder, Miller, Hull & Hull,* for appellant.

*Earl V. Compton,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 25, 1935:

By a written agreement, executed by plaintiff and defendant, the former became agent for the latter, to solicit, inter alia, fidelity and surety bonds to be executed by defendant, for which services he was to receive twenty per centum of the premium received by defendant for entering the bonds. Admittedly, defendant executed a bond for $2,484,000 for the Wiley Maxon Company of Dayton, Ohio, conditioned for their construction of a bridge across the Susquehanna River between the Boroughs of Columbia and Wrightsville, Pa., in accordance with the terms of their contract. For entering the bond defendant received a premium of $37,260. Plaintiff claimed that he solicited and obtained the bond for defendant, and was therefore entitled, under his contract, to twenty per cent of the premium paid defendant, amounting to $7,452, less $1,100 he had received on account and less also $300 paid by defendant to one John

Gruver, who defendant alleged had performed some services in connection with the matter.

Before the trial, defendant's branch manager in the territory where the bridge was situated and the bond executed, admitted in writing, in a circular letter to defendant's agents in that territory, that "this business was secured through the efforts of our agents George Nies [plaintiff] and John Gruver" to whom the $300 was paid. At the trial, the branch manager undertook to prove, however, that he had paid the difference, amounting to $6,052, to other brokers and agents in the two counties where the terminii of the bridge was located. The evidence was rightly rejected because he did not offer to prove that these payments were made with the consent of plaintiff, or according to any custom, or that the parties to whom they were made earned the amounts paid to them for services rendered in connection with the obtaining, execution or delivery of the bond. The jury rendered a verdict for plaintiff for the full amount of his claim, upon which, after motions for a new trial and for judgment non obstante veredicto had been argued and overruled, judgment was entered. This appeal followed.

The reason why it is claimed that the judgment non obstante veredicto should have been entered, is because, at the time plaintiff received the $1,100, he executed a receipt as follows:

"LANCASTER, Pa. Nov. 20, 1929

"Received of R. W. Hankee [defendant's branch manager] Eleven hundred Dollars in full satisfaction of my commission on the Wiley Maxon Bond, Minus $500 R. L. Co.

$1,100. George L. Nies"

There is no dispute but that at least the $1,100 was then due and payable to plaintiff. Hence defendant's contention is that as it paid plaintiff an amount which it was then under a legal obligation to pay him, this was a good consideration for his agreement to accept it "in full satisfaction" of a claim nearly six times as great. As we

shall show this is clearly erroneous, and hence if defendant is to escape from paying its just debt, as determined by the court and jury below, it must do so upon some other ground.

This it undertook to do by showing that the check by which the $1,100 was paid, was that of Hankee, defendant's branch agent, and not of defendant itself. This contention is not even plausible. Hankee saw plaintiff not on his, Hankee's, account, but as branch manager of defendant, and all that occurred at the interview, when the check was given and the receipt signed, was between plaintiff and defendant's branch manager, acting as such, and not between plaintiff and Hankee acting for himself. There is not one word in the testimony leading to an opposite conclusion. Nor is there one word that the $1,100 was Hankee's own money. On the contrary, as the evidence shows, none of it was his. The presumption is that the $1,100 was defendant's money; this is the only fair conclusion from the evidence, and the jury have so found the fact to be. Indeed, defendant's affidavit of defense, on which the case was tried, asserts that the money was "paid by R. W. Hankee, manager of the Harrisburg Branch Office" of defendant, and does not aver it was his own money.

Appellant admits that in order that the payment should debar the present recovery, it must have amounted to an accord and satisfaction, and it claims this was so, simply because the check which was given was signed by Hankee individually and not as defendant's branch manager, as he in fact was. For this contention it cites and relies on Fowler v. Smith, 153 Pa. 639, 645, where we said: "In the present case the payment of money was by the defendant's mother *out of her own estate* on which Fowler had no claim whatever. It was therefore a new consideration from a new party and not within the rule that the receipt of a smaller sum is not a good accord and satisfaction of a larger one." In the instant case, if defendant had offered evidence tending to show that the $1,100 was Han-

kee's own money, that plaintiff did or should have known that fact, and the jury had so believed, Fowler v. Smith, supra, would have been an authority in defendant's favor, but there was no such evidence. "To establish an accord and satisfaction, it must not only be shown that the party against whom it is raised was satisfied with the transaction, but it must further be established that he received some consideration which would compensate him in law for accepting a less amount": Suits, to use, v. Ætna Casualty and Surety Co., 106 Pa. Superior Ct. 231, 239. There was no such evidence in this case. "The mere fact that a creditor receives less than the amount claimed with knowledge that the debtor denies indebtedness beyond that amount does not in itself constitute an accord and satisfaction": Dimmick v. Banning, Cooper & Co., 256 Pa. 295, 302; Amsler v. McClure, 238 Pa. 409, 414. Hence, when viewed from either of those standpoints, the payment of the $1,100 was not a good accord and satisfaction, and, as defendant admits, this defense fails unless it was a good accord and satisfaction. As said also in Fowler v. Smith, (153 Pa. 645) : "The reason that payment of money in discharge of a larger amount presently due is not a good accord and satisfaction is that the debtor gives nothing he was not already bound to give, and the creditor receives nothing he is not already entitled to receive, and there is, therefore, no consideration." That has been the law in this State from at least as far back as Lowrie v. Verner, 3 Watts 317, 319 (1834), and so far as we are aware has never been seriously doubted since then.

Appellant further contends that the $1,100 was paid and received in compromise of a doubtful claim, but the jury expressly negatived that contention. The trial judge charged the jury that "he [plaintiff] must show of course that he secured this contract for this bond; that he was the moving party who secured this business." And again: "If there is a known dispute between the parties at the time he signs a receipt and they agree that such receipt

is in settlement and he signs the receipt in settlement, he is bound by it because that is in settlement of some disputed question. . . . If, however, there was no known dispute here, especially if these other men didn't render substantial services with reference to the securing of this contract, or if this receipt was for the payment of a lesser amount than what was owing, it would not be binding" as a receipt in full. The verdict for plaintiff therefore determines that plaintiff secured the contract for the bond, and that the payment of the $1,100 was in reality only a payment on account of a larger sum then presently due. Hence, as stated in Fowler v. Smith, supra, it was not a good accord and satisfaction, does not stand in the way of plaintiff recovering what was in fact owing to him, and the receipt as a conclusive defense falls out of the case.

Hence, also, such of the assignments of error as have no bearing whatever upon the questions (a) Whether or not plaintiff secured the contract; and (b) Whether or not, the payment of the $1,100 was in reality only a payment on account of a larger sum then presently due, are wholly immaterial on this appeal. In this light we have carefully considered all of the assignments not disposed of by what we have above said, and are of opinion that even if we should sustain all of them they would not require a reversal of the judgment. Nothing would be gained by considering them in detail, and hence we shall not do so.

One of them, however, compels a modification of the judgment, which can readily be made from the record as it stands. When the judgment was entered, plaintiff erroneously assessed the damages as of the date of its entry. The judgment should have been entered without any assessment of damages, and recovery had for the amount of the verdict with interest thereon from the date of its rendition: Sharp v. Keiser, 292 Pa. 142. The assessment will be reduced accordingly.

The judgment of the court below is reduced to $6,052, the amount of the verdict, and as thus reduced is affirmed.