## Sweigart v. Schaffer B. & L. Assn.

*V. R. Bieber*, for plaintiff.

*B. A. Hermes,* for defendant.

SMITH, P. J., April 28, 1936.—This matter comes before us on a rule for judgment for want of a sufficient affidavit of defense and supplemental affidavit of defense. Plaintiff is the owner of 10 shares of stock in defendant building and loan association, having paid in on said shares sums aggregating $1,270 from September 1922 to March 1933.

On June 8, 1933, plaintiff gave written notice of his intention to withdraw, which notice and cancellation was accepted by defendant at its meeting of July 4, 1933. On September 3, 1935, as the result of a discussion with the president of defendant building and loan association, plaintiff agreed to take 80 percent of the amount he had paid in on his stock, and accordingly, on September 5, 1935, he was paid the sum of $1,014.32.

The statement of claim avers that plaintiff accepted 80 percent of the amount paid in on his stock on the suggestion of Robert W. Brown, the president of defendant association, who had stated to him that if he did not agree to accept the reduction the association would pay all stockholders willing to accept that proposition, even though they were subsequent to plaintiff on the list of withdrawals. This averment is denied by defendant, who states that the request for a payment of 80 percent came from plaintiff in a letter as follows:

"Philadelphia, Pa.,
"September 3, 1935.
"Mr. Morrison N. Stiles, Secretary
"Schaffer Building & Loan Association,
"2627 Darby Road,
"Oakmont, Upper Darby P. O., Pa.
"Dear Mr. Stiles:
"This is to advise that I would appreciate receiving check covering the withdraval of 10 shares in the 35th Series, Book No. 1742, on the basis of 80% of the withdrawal value.
"I trust this can be arranged promptly.
"Very truly yours,
"H. W. Sweigart (sgd.)

"HWS

"P. S.—Please mail check to

"H. W. Sweigart,

"1204 Fidelity Philadelphia Trust Bldg.

"Philadelphia, Pa."

Plaintiff avers that, subsequent to the receipt by him of the sum of $1,014.32, he learned that on February 25, 1935, defendant owed no borrowed money, had no matured shares owing and unpaid, had funds in its treasury of $31,712.85, a special reserve of $18,140.70, and earnings due stockholders of $42,246.49. Defendant admits that those facts are true.

The affidavit of defense states that the reason the entire amount was not due and payable to plaintiff at the time of his notice of withdrawal is that there were 29 withdrawing stockholders ahead of him with sums aggregating $16,895.82, and that as of February 25, 1935, defendant owed approximately $29,000 to withdrawing stockholders. The affidavit of defense, however, admits that they had been paying withdrawing stockholders in an irregular manner, giving precedence in some cases to those whose notice of withdrawal was subsequent to those not paid. The affidavit of defense fails to aver in what aggregate amount this was done so as to permit any calculations in accordance with the provisions of section 616(c), of the Building and Loan Code of May 5, 1933, P. L. 457, which was in full force and effect in February 1935. It provides:

"Whenever funds are not available, in the manner hereinbefore provided, to pay any matured or withdrawn share upon which payment has been due for a period in excess of six months, all the funds in the treasury, other than such amounts as are required by this section to be deducted, shall be applied to the payment of matured or withdrawn shares. Whenever all of the funds in the treasury, other than such amounts as are required by this section to be deducted, are insufficient to pay in full matured

or withdrawn shares, one-half of such funds shall be applied to the payment of matured shares and one-half to the payment of withdrawn shares. If less than one-half of such funds shall be sufficient to pay in full all matured shares, the balance of such one-half shall be applied to pay withdrawn shares, and conversely, if less than one-half of such funds shall be sufficient to pay in full all withdrawn shares, the balance of such one-half shall be applied to pay matured shares."

From the pleadings, it is difficult to determine whether defendant association was in a financial position on February 24, 1935, so that it could have paid plaintiff his claim in full. There is no averment in the affidavit of defense that if the withdrawal of payments had been made in accordance with the provisions of the act of assembly plaintiff would not have been paid in full on or before February 25, 1935. In this particular place, the affidavit of defense is insufficient. That being so, we must find as a fact that there were funds sufficient at that time to have paid plaintiff in full. The agreement of plaintiff under date of September 3, 1935, would therefore be a nudum pactum, and would not affect the rights of plaintiff to recover in full.

In the case of Nies v. Metropolitan Casualty Ins. Co. of N. Y., 317 Pa. 545, 549, Mr. Justice Simpson said:

"To establish an accord and satisfaction, it must not only be shown that the party against whom it is raised was satisfied with the transaction, but it must further be established that he received some consideration which would compensate him in law for accepting a less amount."

From the pleadings and an examination of article 2, sec. G, of defendant's bylaws, which provides as follows:

"The withdrawal values shall be calculated as follows: If the stock is withdrawn during the first year after the issuing of the series the withdrawing member shall receive only the amount paid in as dues less all fines and

other charges, but after the expiration of one year from the issuing of the series the withdrawing stockholder shall be entitled to receive in addition to the amount paid in as dues (less all fines and other charges) interest on the amount paid in as aforesaid at the rate of 3% per annum for the period up to the end of the fourth year, and thereafter interest on the said amount at the rate of 4% per annum, or in lieu thereof, such parts of the profits as the directors may determine from time to time. . . ."

it seems that a proper calculation would be based upon the amount paid in plus interest at the rate of 3 percent per annum on the first four years' payments, and on the balance at the rate of 4 percent per annum, less credit as of September 5, 1935, of $1,014.32.

And now, to wit, April 28, 1936, the rule for judgment for want of a sufficient affidavit of defense is made absolute, calculations to be based upon the method set forth in the foregoing opinion.