## Guschefsky v. Hazle Brook Coal Company

*R. M. Bashore, Samuel Kagle*, and *George C. Klauder*, for plaintiff.

*P. B. Roads*, for defendant.

PALMER, J., September 14, 1936.—Plaintiff's award of compensation was sustained by this court on February 20, 1933. The amount of the award and judgment entered at that time was $1,612.78. Of this amount $1,545 was to cover 88 delayed payments and $67.78 was for interest upon the same to February 20, 1933. Defendant company sent plaintiff its check on December 19, 1933, for $1,619.21. Plaintiff then made known to defendant his claim of interest from February 20, 1933, to December 19, 1933. This amounts to the sum of $70.45, and is the amount of the judgment assessment in question. Defendant failed to pay, and on July 20, 1934, plaintiff assessed damages and entered judgment for the interest aforesaid. On August 2, 1934, defendant obtained a rule to show cause why the judgment should not be stricken off.

Section 5 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, makes the following provision for the payment of interest upon judgments for compensation claims:

"Whenever any claim for compensation is presented to the board, other than claims of nonresident alien dependents, and is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication, shall bear interest at the rate of six per centum per annum and such interest shall be payable to the same persons as the compensation is payable."

The right of claimant to interest upon the amount awarded to him is clearly established by this act. Defendant does not deny this right in his brief but alleges that the judgment entered for the interest was irregularly entered.

On July 25, 1934, the attorneys for plaintiff filed with the prothonotary a præcipe directing him to assess damages to the amount of $70.45, to the above number and term. In accordance therewith the prothonotary assessed

damages and entered the judgment assessment to the number and term as indicated. We are of the opinion that plaintiff could not properly assess damages to reach the interest as was done here, and hence the judgment entered was irregular: See Nies v. Metropolitan Casualty Ins. Co. of N. Y., 317 Pa. 545, 550.

An examination of the record discloses that the original judgment in this case has never been satisfied. Therefore claimant may issue execution on the judgment he already has, restricting the execution to the amount of interest claimed.

And now, September 14, 1936, the rule to show cause why the judgment should not be stricken from the record is made absolute, and the judgment entered for interest is directed to be stricken from the record.